■ · Hannah Cronin, Individually and as Executrix of Cornelius Cronin, Deceased, Respondent, v. Pierce & Stevens Chemical Corporation, Appellant, et al., Defendant.—

The plaintiff execu-

trix alleges that on October 20, 1967 her husband was refinishing the floors of their home with Fabulon, a liquid floor finishing product manufactured by appellant. An explosion and fire occurred the next day which extensively burned plaintiff's husband, who died a few days later, and caused over $19,000 damage to the premises. This was allegedly caused by the volatile, flammable and explosive vapors and substance of the product, which had a flash point below room temperature and whose explosive vapors were heavier than air and persisted without perceptible odor for many hours after application of the product and after the floor had dried, despite extensive ventilation. She alleges that no warning commensurate with the danger had been given and that the product was negligently manufactured by appellant, which had notice of at least two similar fires and explosions. The order appealed from allows plaintiff to further examine appellant as to the density, diffusion of vapors, explosive meter, flammability and combustibility of the product. In our opinion plaintiff can obtain information as to these matters from her own expert and from analysis of the sample of the product in the can of Fabulon already in her possession, which is part of the same lot (7Z-25) from which came the Fabulon she claims her husband used. She failed to show any necessity for compelling appellant to disclose information as to these items, which it asserts are trade secrets (cf. Drake v. Herrman, 261 N. Y. 414, 417-418). We therefore disallow examination as to these items. The warning label on the can of Fabulon in plaintiff's possession speaks for itself on the issue of its adequacy; and the records of the ad hoc committee relating to formulation of the warning label are irrelevant except so far as they may reveal appellant's prior notice or knowledge of the dangers, hazards and risks involved in the use of Fabulon under conditions similar to those surrounding the accident in suit. We therefore modify the third ordering paragraph accordingly. Plaintiff's allegations imply that, despite extensive ventilation, explosive Fabulon vapors persisted many hours after the floor had dried and that these vapors persisted in sufficient concentration to produce an explosion strong enough to cause over $19,000 damage to the house, besides extensively and fatally burning her husband. The prior examination discloses that the product has been essentially the same for the last 20 years; and, in the unique circumstances of this case, the absence of time limitation on the inquiry as to prior accidents involving Fabulon under conditions similar to those in this case does not in our opinion constitute an abuse of discretion. With respect to alleged negligent manufacture, plaintiff asserts she is entitled to know the percentages of ingredients required by appellant's specifications for manufacturing Fabulon, so that she may ascertain whether her sample of Fabulon exceeded these specifications with respect to the volatile and flammable solvents. These percentages are clearly trade secrets and are entitled to protection, absent a showing of necessity for disclosure (see Drake v. Herrman, 261 N. Y. 414, supra). Here, the previous examination discloses that appellant has a one-page record of the quantities of solvents actually contained in lot number 7Z-25, together with the quantities thereof as required by appellant's specifications. It will not compel disclosure of a trade secret to require appellant to be examined as to whether the amount of any volatile flammable ingredient in lot 7Z-25 exceeded specifications and, if so, as to the percentage of such excess. Plaintiff does not claim that analysis of her sample of Fabulon will be inadequate to disclose the nature and percentages of the ingredients thereof; and, consequently, knowledge of the percentage of the excess, if any, of the volatile flammable ingredients contained in lot

766

7Z-25 will enable her to establish negligent manufacture, if such be the fact. Munder, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.