■ ANTHONY MORELL, Respondent, v. SARATOGA HARNESS RACING, INC., et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered November 20, 1973 in Montgomery County, which denied the defendants' motion to preclude the plaintiff from offering evidence at trial of certain items demanded in a bill of particulars and further denied the defendants' motion to strike certain material from a bill of particulars furnished by the plaintiff. The plaintiff's complaint seeks damages arising from an alleged false arrest and malicious prosecution. Subsequent to service of the complaint the defendants demanded a bill of particulars, which demand was complied with by the plaintiff on or about May 30, 1973. In response to items numbered two through eight of the demand for a bill of particulars, the plaintiff offered no particulars but instead stated that such items were improperly demanded. Thereafter, defendants moved pursuant to CPLR 3042 (subd. [d]), to preclude the plaintiff from offering proof as to such items at trial and further to strike other material from the bill of particulars. Special Term concluded that, with the exception of material demanded in Item No. 6, the

unanswered demands were, in fact, improper and denied the motion to preclude, but did direct the plaintiff to provide a supplemental bill of particulars in regard to the Item No. 6. Special Term refused the motion to strike upon the ground that the CPLR provided no such remedy and further that the question of admissible evidence was one for the trial court. In regard to the motion to strike, the defendants are not entitled to such relief as a matter of procedure and the arguments presented by them in favor of such a motion are unpersuasive and without merit. A factual allegation in a bill of particulars does not become prima facie proof at trial and decisions regarding the admissibility of such facts in evidence are for the trial court. The defendants substantially contend that when a party does not move for relief from demands pursuant to CPLR 3042 (subd. [a]) and fails to answer the various items of a demand, preclusion must be directed as to such items. In support of this theory the defendants rely primarily upon various cases in the First and Second Departments and particularly *Helfant* v. *Rappoport* (14 A D 2d 764). In the *Helfant* case the court did note that unless the party from whom particulars are demanded moves for relief within the time period specified in CPLR 3042 (subd. [a]), the validity of the demands could not later be questioned, except for such items as might be considered by the court as palpably improper. Nevertheless, in *Helfant* and the other cases relied upon by the defendants, preclusion was not directed by the courts, the moving parties' relief being limited to a conditional preclusion order. It is apparent from CPLR 3042 (subd. [d]) that where a bill of particulars has been served, the court has the discretion of either directing preclusion or service of a further bill if the said bill is insufficient. In the present case, Item No. 2 was a matter of the defendants' side of the case and Items Nos. 3, 4 and 5 relate to matters of law and are palpably improper. As noted by Special Term, Item No. 7 of the demand has no relationship to the proof of a cause of action and it is also clearly improper. Item No. 8 of the demand requested particulars as to general damages alleged in the complaint and, while particulars as to such a demand might not ordinarily be proper, in this particular case the item is not of such a nature as to be palpably improper and, accordingly, the plaintiff should have been directed to furnish particulars in regard to such demand. As noted by the court in *Helfant* v. *Rappoport* (*supra*) and in *Block* v. *Bronstein* (16 A D 2d 926, 927), a failure of a party to seek relief as provided in CPLR 3042 will not permit that party to later have the relief which he could have had with timely procedure. Order modified, on the law and the facts, by directing the plaintiff to comply with defendants' demand in Item No. 8 and by providing that the order, as modified, be complied with within 10 days after service of a copy of the order to be entered hereon with notice of entry and, in the event the plaintiff fails to comply with the same within the said 10 days, an order of preclusion may be entered thereon as to Items Nos. 6 and 8, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.