■    JOHN PERI, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 59733.)—Appeal from an order of the Court of Claims, entered March 4, 1976, which denied claimant's motion for a preclusion order. On October 30, 1975 claimant commenced a breach of contract action against the State by filing a notice of claim. Claimant seeks to recover the sum of $90, the cumulative amount allegedly spent by him from 1967 to 1975 when he purchased New York State lottery tickets, said lottery, as alleged in the complaint, having been conducted fraudulently. On November 21, 1975 claimant served upon the State a demand for a bill of particulars (CPLR 3042). On November 25, 1975 the State returned the demand to claimant with the advice that the State was not required to answer the demand, citing CPLR 3102 (subd [f]) as its authority for noncompliance. A motion for preclusion was served upon the State on December 8, 1975 and on March 1, 1976 the court below denied claimant's motion for preclusion and this appeal ensued. Claimant's contention that the State's failure to move to vacate his demand within 10 days (CPLR 3042, subd [a]) operates as a waiver and, therefore, the State is powerless to resist the motion for preclusion is not dispositive of the issue. The failure of the party opposing the motion to preclude to move to vacate or to modify the demand is to be condemned, particularly since the time to so move has been extended from 5 to 10 days. When the demand is for essential and material facts, such a failure may be a determinative factor in granting the motion for preclusion. Yet, where, as here, the demands are "palpably improper", the court can

rely on the discretionary authority implicit in the statute (CPLR 3042, subd [c]) and examine the contents of the demand to perceive if that which is sought is proper and relevant *(Morell v Saratoga Harness Racing,* 44 AD2d 884). Next, the State's position that the subject demand for a bill of particulars is, in truth, a disclosure device within the meaning of article 31 of the CPLR and since it was employed in an action against the State, the information sought is avoidable since disclosure was not authorized by court order and, further, the State does not have to respond to interrogatories or requests for admissions (CPLR 3102, subd [f]), is equally defective. The State is subject to all forms of disclosure, except interrogatories and admissions, in any court *(Matter of Head v State of New York,* 32 AD2d 999) in which it is a party. CPLR 3102 (subd [a]) lists the various disclosure devices and since a bill of particulars is not among them, it was error for the court below to conclude that the immunity of the State from having to respond to interrogatories and demands for admissions, as provided for in CPLR 3102 (subd [f]), was applicable to claimant's motion for preclusion merely because the particular requests in the demand for a bill of particulars could be equated with interrogatories or demands for admissions. However, the error is technical and need not cause a reversal since the court also found the majority of the items in the demand to be palpably improper in that they not only sought admissions and evidentiary material but information on such a scale that it would be unduly burdensome for the State to comply *(Helfant v Rappoport,* 14 AD2d 764; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3042:04, p 748). We concur. An examination of the demand for a bill of particulars reveals that Items Nos. 4, 7, 8, 9 and 10 demand that the State admit to having acted illegally in the conduct of the State lottery. Items Nos. 3 and 5 would require the State to undertake a massive investigation to determine if any State employee had ever made any oral or written misrepresentations concerning the chances of winning by any ticket purchaser. Item No. 6 demands a complete accounting of where all lottery profits were allocated, while Items Nos. 11, 12 and 13 demand information not relevant, germane or material to the underlying action. Clearly, the demands are "palpably improper" and the court below was correct in denying the motion for preclusion. Order affirmed, without costs. Koreman, P. J., Kane, Mahoney, Herlihy and Reynolds, JJ., concur.