■ M. D. KRAMER LOCKSMITH SUPPLY CO., INC., Appellant, v LAWRENCE LOCKSMITH SUPPLY CO., INC., et al., Respondents.—In an action, *inter alia,* to recover damages for wrongful competition, plaintiff appeals from: (1) so much of an order of the Supreme Court, Nassau County, dated June 8, 1977, as conditionally granted defendants' preclusion motions; and (2) a further order of the same court, dated June 28, 1977, which denied plaintiff's motion to strike certain items from defendants' demands for bills of particulars. Orders modified by adding thereto provisions that defendants neither disclose nor make any business use of the particulars to be furnished by plaintiff. As so modified, order dated June 8, 1977 affirmed insofar as appealed from and order dated June 28, 1977 affirmed, without costs or disbursements. The time within which plaintiff must furnish the particulars in accordance with the orders appealed from is extended until 20 days after entry of the order to be made hereon. Plaintiff contends, *inter alia,* that certain particulars sought are not subject to disclosure in a bill of particulars since they are trade secrets. Plaintiff's contention lacks merit at this juncture. It failed to move to vacate or modify the demands for bills of particulars within the time limits of CPLR 3042 (subd [a]). Therefore, it may not presently secure the relief obtainable by timely procedure under that statute unless the challenged items are considered to be palpably improper (see *Pratt & Sons v Kingsley Drilling & Blasting,* 52 AD2d 997). In our view the record does not support the contention that the items demanded are palpably improper. Plaintiff has failed to show upon this record that the items sought are trade secrets entitled to protection as such. Insofar as the factual issues concerning plaintiff's allegations have not been finally determined, it is necessary to assure that it will receive proper protection until such time as the ultimate merits of the case are decided. Defendants may therefore make only such use of the particulars disclosed as are relevant to the defense of this action. Hopkins, J. P., Shapiro, Hawkins and O'Connor, JJ., concur.