■ HELEN E. CORNACHIO, Individually and as Executrix of ANTHONY W. CORNACHIO, SR., Deceased, Respondent, v GENERAL MOTORS CORPORATION, Appellant, et al., Defendant.—Order, Supreme Court, Bronx County, entered on July 22, 1977 unanimously modified, on the law and the facts and in the exercise of discretion, to require plaintiff-respondent to furnish particulars specifying what part or parts in the steering column are claimed to be defective and otherwise affirmed, without costs and without disbursements. Plaintiff's response that "the steering column which was designed to be collapsible did not collapse" is inadequate for it does not apprise defendant-appellant General Motors Corporation of any specific defect which prevented the steering column from operating in the desired manner. Since plaintiff maintains, she presently lacks actual knowledge of why the steering wheel failed to collapse, she may so state under oath. If, and when, plaintiff acquires the necessary information a supplemental bill of particulars should be served promptly. Concur—Murphy, P. J., Birns, Fein, Markewich and Yesawich, JJ.

■ BRENDA CALLOWAY, Respondent, v WILLIAM DALTON et al., Appellants, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. CITY OF NEW YORK Third-Party Plaintiff-Respondent; BROADWAY MAINTENANCE CORP., Third-Party Defendant-Appellant.—Judgment, Supreme Court, New York County, entered July 1, 1977, unanimously reversed, on the law and on the facts, and a new trial ordered on the issue of damages only, without costs or disbursements, unless plaintiff, within 20 days after service upon her of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor to $984,000 and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is unanimously affirmed, without costs or disbursements. The damages proven by plaintiff warranted a verdict no greater than the $984,000 to which her recovery should be limited. In all other respects, the court has examined the contentions of error advanced by the appellants and found them lacking in substantial merit. Concur—Murphy, P. J., Lupiano, Fein, Markewich and Yesawich, JJ.