■ THEODORE FINKEL, Respondent, v MARC J. KATZ et al., Defendants, and GENERAL MOTORS CORPORATION, Appellant. MARC J. KATZ et al., Third-Party Plaintiffs, v GENERAL MOTORS CORPORATION et al., Third-Party Defendants. — Order, Supreme Court, New York County (Taylor, J.), entered December 9, 1980, to the extent that it denied defendant General Motors' motion for an order of preclusion or, alternatively, directed plaintiff to serve a further bill of particulars, modified on the law, on the facts and in the exercise of discretion, without costs or disbursements, to direct that, if and when plaintiff acquires additional information, he shall promptly serve a supplemental bill of particulars, and, otherwise, affirmed. Appeal from order of the same court, entered March 31, 1981, denying reargument, dismissed as academic, without costs. A car, owned by defendant Hocage Taxi and driven by defendant Firkatian, and a Cadillac collided on Park Avenue, the Cadillac then striking plaintiff, a pedestrian on the sidewalk. He sued the owners and drivers of the cars. Hocage Taxi and Firkatian in turn brought a third-party action against General Motors and others. Whereupon, plaintiff served a summons and amended

---

complaint naming as additional defendants General Motors and another third-party defendant. General Motors demanded the following particulars of plaintiff: "3. If it is claimed that the General Motors vehicle referred to in the amended complaint was defective: (a) Identify the part or parts of the vehicle claimed to be defective; (b) Specify the nature of each defect claimed; and (c) State the manner in which each defect contributed to the cause of the accident." Plaintiff responded as follows: "3 (a) braking and/or acceleration systems 3 (b) failure of the braking system to properly and/or adequately slow down and/or stop the aforesaid vehicle. Accelerator pedal stuck when depressed and/or speed of the motor vehicle incompatible with the amount of depression of the aforesaid accelerator pedal. 3 (c) As per the testimony in his Examination Before Trial MARC J. KATZ and his bill of particulars defendant KATZ claims that his accelerator pedal stuck and/or caused vehicle to lunge forward in an unanticipated speed when depressed causing his vehicle to go out of control; mounting curb and striking plaintiff." Finding this response lacking in specificity, General Motors moved, *inter alia,* to preclude the plaintiff or to require a further bill. Plaintiff's attorney responded with an affidavit that the demand had been answered "with all the knowledge plaintiff presently possesses". General Motors replied by suggesting an amended bill by plaintiff that he has no further knowledge, but, that if any were obtained, he would supply it to General Motors. The suggestion was ignored. Special Term granted the other aspects of the motion by General Motors but, by making no mention of the bill of particulars request, implicitly denied it. Plaintiff's response to the demand was so general as to be useless to defendant. Yet, incredibly, plaintiff refused to adopt General Motors' suggestion. It is entitled to the particulars demanded when and if plaintiff acquires the necessary information. (See *Cornachio v General Motors Corp.,* 63 AD2d 941.) Concur — Kupferman, J. P., Silverman and Lynch, JJ.; Sandler, J., concurs in the result only.