**NORMAN A. SENIOR et al., Appellants, v MANUFACTURERS HANOVER TRUST COMPANY et al., Respondents.**

Special Term properly vacated the discovery demands as overbroad. Assuming, arguendo, that some of the interrogatories were proper, many more, such as numbers 1-6, which seek the identities of every sponsor of, participant in and beneficiary of both the Master IRA and Master Keogh plans offered by defendants from 1979 to 1983 are clearly unreasonable and irrelevant. "The burden of serving a proper demand is upon counsel and [it is] not for the courts to correct a palpably bad one" (*Itzkoff v Allstate Ins. Co.,* 59 AD2d 854, 855; *Roberts v Modica,* 92 AD2d 563; *Martino v Mid-Island Hosp.,* 73 AD2d 592). Neither are plaintiffs' discovery demands justified under *Walker v Sheldon* (10 NY2d 401), as the allegations in the instant complaint do not contain "sufficient evidentiary allegations of ultimate facts of a fraudulent and deceitful scheme in dealing with the general public" (*Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 75 AD2d 569, 570); nor does it appear that "moral turpitude on the part of defendants as to imply criminal indifference to civil obligations" is involved (*J.G.S., Inc. v Lifetime Cutlery Corp.,* 87 AD2d 810; *Walker v Sheldon, supra,* p 405; *see also, Marcus v Marcus,* 92 AD2d 887; *Gale v Kessler,* 93 AD2d 744, 745; *cf. Borkowski v Borkowski,* 39 NY2d 982, 983). Lazer, J. P., O'Connor, Weinstein and Brown, JJ., concur.