■ Thomas F. Nuss, Appellant, v Pettibone Mercury Corporation, Respondent, et al., Defendants.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff was injured when a truck he was repairing fell on him due to an alleged defect in a forklift supporting the truck. Defendant Pettibone Mercury Corp. (Pettibone) manufactured and designed the forklift. Plaintiff alleged against Pettibone causes of action in strict product liability, negligence for improper and inadequate design and failure to warn, and breach of express and implied warranties. Plaintiff appeals from an order denying his motion for a protective order vacating portions of defendant's demand for a bill of particulars (CPLR 3042 [a]).

It is well settled that the purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial (*see, State of New York v Horsemen's Benevolent & Protective Assn.*, 34 AD2d 769, 770; *Solomon v Travelers Fire Ins. Co.*, 5 AD2d 1017). The bill of particulars furnished by plaintiff amplifies the allegations in the complaint by informing defendant that the defective design was in the hydraulic system of the forklift and by identifying each part to which the defective design claim will be addressed, including the tilt cylinders, main cylinders, mast, hoses and control valves (*cf. Paldino v E. J. Korvettes, Inc.*, 65 AD2d 617, 618; *Cornachio v General Motors Corp.*, 63 AD2d 941).

A bill of particulars may not be used to obtain evidentiary material (*see,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3041.11; Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C3041:2, p 622). Those items in which defendant seeks particularization of alternative designs which plaintiff claims should have been used in connection with the design of the forklift call for expert testimony and are evidentiary (*see, McKenzie v St. Elizabeth Hosp.*, 81 AD2d 1003,

1004; *Patterson v Jewish Hosp. & Med. Center,* 94 Misc 2d 680, 683, *affd* 65 AD2d 553; *see also, Philipp Bros. Export Corp. v Acero Peruano,* 88 AD2d 529).

Special Term erred in requiring plaintiff to identify all alternative designs and in holding that "[p]laintiff may have to employ an expert to assist in responding to this demand". We know of no authority, and defendant cites none, to require a party to hire an expert to respond to a demand for a bill of particulars. Here, plaintiff's counsel alleged in a sworn supplemental affidavit that the demands in controversy called for information that neither the plaintiff nor counsel had the formal training to provide. In such circumstances, the proper procedure is for Special Term to direct that if and when plaintiff acquires the necessary information, a supplemental bill of particulars should be served promptly (*see, Finkel v Katz,* 84 AD2d 730, 731; *Cornachio v General Motors Corp., supra*). Defendant may seek much of the information he requests by examinations before trial or other pretrial discovery (*see, Randall v Pech,* 51 AD2d 864, 865).

The demands in controversy that plaintiff should answer are (4) (b) (ii); (5) (b), (c); (6) (b); (7) (d), (f); (10) (c); (11). Otherwise, plaintiff's motion for a protective order vacating defendant Pettibone's demand should have been granted. (Appeal from order of Supreme Court, Cattaraugus County, McGowan, J.—protective order.) Present—Callahan, J. P., Boomer, Green, Pine and Schnepp, JJ.