■ MICHAEL BOUTON, Appellant, v COUNTY OF SUFFOLK et al., Defendants, and TOWN OF BABYLON, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Abrams, J.), dated June 11, 1985, which granted the defen-

dant Town of Babylon's motion to compel the plaintiff to serve a further bill of particulars in response to items Nos. 17 through 20 of its demand.

Justice Kooper has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Ordered that the order is modified, by deleting the provisions thereof which directed the plaintiff to respond to items Nos. 17, 19 and 20 of the town's demand and by substituting therefor a provision denying those branches of the motion, with leave to the plaintiff to serve a supplemental bill of particulars with respect to item No. 20, within 30 days after the completion of pretrial discovery. As so modified, the order is affirmed. The plaintiff's time to respond to item No. 18 is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

Items Nos. 17 and 19 in the defendant town's demand sought matters which are evidentiary in nature requiring expert opinion testimony and, thus, are outside the scope of a bill of particulars (cf. Patterson v Jewish Hosp. & Med. Center, 94 Misc 2d 680, 683, affd 65 AD2d 553). Furthermore, although "a plaintiff is required to specify the statutes, ordinances and laws claimed to have been violated, plaintiff made no such claim in [his] complaint. [He] was therefore not required to respond to Item No. [20]. If such violations are disclosed after pretrial discovery", the plaintiff will have 30 days to serve a supplemental bill of particulars (see, Sobel v Midchester Jewish Center, 52 AD2d 944).

We cannot agree with our dissenting colleague's position. A bill of particulars is not a form of disclosure. "Unlike the disclosure devices authorized in CPLR article 31, a bill of particulars is of limited scope and may not be used to obtain evidentiary material" (Ginsberg v Ginsberg, 104 AD2d 482, 484). The purpose of a bill of particulars is " 'to amplify the pleadings, limit the proof and prevent surprise at the trial' " (Medaris v Vosburgh, 93 AD2d 882, citing Patterson v Jewish Hosp. & Med. Center, 94 Misc 2d 680, 682, affd 65 AD2d 553, supra). We are aware that CPLR 3042 (a) requires a motion to vacate or modify improper demands. "The dilemma is that if a plaintiff fails to move pursuant to said section he may find himself required to answer improper demands or be subjected to motions to preclude. It may be for this tactical reason and not for lack of knowledge that improper demands are made for particularization * * * Therefore, if a demand for particulars is patently improper in the first instance, no penalty should ever attach for failure to respond" (Patterson v Jewish

*Hosp. & Med. Center, supra,* p 684). The demands here rejected called for "alternative" designs which plaintiff claims should have been used and call for "expert testimony and are evidentiary" *(see, Nuss v Pettibone Mercury Corp.,* 112 AD2d 744). Accordingly, they were patently improper in a bill of particulars. Mangano, Kooper and Spatt, JJ., concur.

Lazer, J. P., concurs in part and dissents in part and votes to modify the order appealed from only by deleting the provision which granted that branch of the defendant town's motion which was for an order directing the plaintiff to respond to item No. 20 and to deny that branch of the motion with leave to the plaintiff to serve a supplemental bill as to that item after appropriate pretrial disclosure, and otherwise to affirm the order appealed from, with a memorandum in which Bracken, J., concurs.

While the immediate issue involves the meaning of "palpably improper", what we decide will likely affect the role that CPLR 3042 (a) will play in future bill of particulars jurisprudence. The provision requires a party unwilling to provide particulars in response to a demand for a bill of particulars to move for a protective order within 10 days of receipt of the demand. The Legislature has thus imposed the burden of obtaining protection against improper demands upon the party from whom the information is sought. Absent motions for a protective order, such demands will be enforced unless they are so far beyond the pale of propriety that they are "palpably improper" *(see, Coin v Lebenkoff,* 10 AD2d 916; *Tomasino v Prudential Westchester Corp.,* 1 AD2d 781). I believe the instant plaintiff's failure to move for a protective order constituted a waiver of his right to object to the items in issue here.

The action seeks recovery for personal injuries allegedly suffered when the plaintiff's motorcycle ran into the defendant Jo Ann Savettiere's car at an intersection in the Town of Babylon. The essence of the plaintiff's claim against the town is that it failed to abide by proper engineering and highway safety standards by omitting to provide adequate traffic controls at the intersection and by placing at the wrong location the stop sign that was there. Paragraph 20 of the complaint, consisting of 16 separate allegations of negligence covering two pages, contends in part that the town was "negligent and careless in the placement of the stop sign", "in failing and neglecting to properly measure and design the traffic control to make same a reasonably safe intersection", "in failing to act as a reasonable prudent traffic safety engineer would act

in designing and controlling the aforesaid intersection", and "in departing from the accepted standards of practice as practiced in highway safety engineers in placement of warning and other adequate controls so as to make passage over the intersection reasonably safe".

Seeking to ascertain the meaning of this barrage of generalities and attempting to discover the plaintiff's actual theory of negligence, the town's demand for a bill of particulars asked the plaintiff what other adequate controls he was referring to and where the stop sign in question should have been placed. The questions were simple and requested ultimate facts:

"17. State where plaintiff claims the stop sign should have been placed as alleged in paragraph 20 of plaintiff's complaint" and

"19. State what different or additional traffic controls plaintiff claims should have been in place at the intersection".

Answering both inquiries with the phrase "[p]alpably improper demand", the plaintiff shifted to the defendant town the burden of making the motion which would decide the validity of the unanswered items. The majority of my colleagues agree with the plaintiff that the requests were "[p]alpably improper" and refer to them as "evidentiary".

In these days the strong prevailing view is that justice is better served when the outcome of trials is based on meaningful preparation of cases rather than trial tactics or surprise (see, Hoenig v Westphal, 52 NY2d 605, 610). In furtherance of that concept, discovery rules have been liberalized to permit litigants to obtain pretrial knowledge of the nature and theory of the adverse claims and contentions. While a bill of particulars is, of course, a pleading and not a discovery device, the specification of claims which it provides is a prerequisite to meaningful discovery. If liberal discovery is indeed public policy, I have difficulty in understanding why a defendant faced with assertions that it failed to properly "measure and design" necessary traffic controls, failed to act as a "prudent traffic safety engineer would in designing and controlling" the intersection, and failed to provide "other adequate controls" at the intersection, is not entitled to know what traffic controls the plaintiff claims the defendant failed to provide, what it is that defendant should have done rather than what it did, and how its placement of the stop sign was "negligent and careless".

It is not new law that a defendant is entitled to know via a bill of particulars what the plaintiff intends to prove at trial,

i.e., the theory of the plaintiff's case *(see, D'Onofrio v Davis,* 14 AD2d 960; *Elman v Ziegfeld,* 200 App Div 494; *Wood v Hoffman Co.,* 121 App Div 636; *Dwyer v Slattery,* 118 App Div 345). Given the liberality with which bill of particulars issues are to be viewed *(see, Paldino v E. J. Korvettes, Inc.,* 65 AD2d 617; *Solomon v Travelers Fire Ins. Co.,* 5 AD2d 1017, *rearg denied* 6 AD2d 802), the town is entitled to know in advance the theoretical outlines underlying the numerous general claims of negligence which convey almost no specific information as to how the town failed in its obligations at the intersection.

Nevertheless, resolution of this appeal does not require us to determine whether or not the items in issue are improper. Even if such items are improper, as the Fourth Department held in *Nuss v Pettibone Mercury Corp.* (112 AD2d 744), upon which my colleagues of the majority rely, we only need decide whether they are "palpably improper", because mere impropriety was waived by plaintiff's failure to move for a protective order *(see, Tafoya v Becker,* 61 AD2d 795; *Panarelli v State Farm Fire & Cas. Co.,* 54 AD2d 961). Although reported decisions revealing the content of demands for bills of particulars that are "palpably improper" are relatively sparse, I conclude that a rather bright line can be drawn to distinguish the "improper" from the "palpably improper". A demand is "improper" when it seeks information that is inappropriate for a bill of particulars but not necessarily inappropriate for discovery by the use of discovery devices; a demand is "palpably improper", however, when the information it seeks is not discoverable at all. Held to be palpably improper have been unduly burdensome requests *(see, Ritschl v Village of Highland Falls,* 92 AD2d 586; *Peri v State of New York,* 54 AD2d 997; *Helfant v Rappoport,* 14 AD2d 764) which would also be the subject of a protective order if sought by any discovery device *(see, Senior v Manufacturers Hanover Trust Co.,* 110 AD2d 833; *Barouh Eaton Allen Corp. v International Business Machs. Corp.,* 76 AD2d 873), demands for trade secrets *(Kramer Locksmith Supply Co. v Lawrence Locksmith Supply Co.,* 61 AD2d 809) which are not discoverable at all *(see, Drake v Herrman,* 261 NY 414; *Cronin v Pierce & Stevens Chem. Corp.,* 36 AD2d 764), and demands for information that is irrelevant or that would constitute a conclusion of law *(see, Morell v Saratoga Harness Racing,* 44 AD2d 884) which are not discoverable at all. Without having found a case that says it, I would venture that requests for privileged material are also "palpably improper", for that type of information gener-

ally is not available, no matter the discovery device employed *(see, Cirale v 80 Pine St. Corp.,* 35 NY2d 113).

Turning to the contention that the plaintiff was not obligated to respond to the two instant items because they seek "evidentiary" information, it is true that demands for particulars as to how the plaintiff claims the allegedly negligent defendant should have acted have sometimes been held improper on the ground that they seek evidence *(see, Nuss v Pettibone Mercury Corp., supra; McKenzie v St. Elizabeth Hosp.,* 81 AD2d 1003). However, evidentiary information clearly is a proper subject of discovery *(see,* CPLR 3101 [a]; *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403), and this court has mandated a response to interrogatories seeking information as to how the plaintiff claims the defendant should have acted *(see, Schlitter v City of New York,* 89 AD2d 979). If, as my colleagues believe, the items in current issue impermissibly seek evidentiary information, it was the plaintiff's obligation to move for a protective order if he was unwilling to furnish the particulars. Since he did not do so, he should be precluded from raising the issue of propriety now. I have no doubt that at some time prior to trial the plaintiff will have to tell the defendant town—as he will tell the jury—what other traffic controls should have been provided at the intersection and where the allegedly misplaced stop sign should have been placed. Absent that information, the defendant town can only speculate as to the theory the plaintiff will be propounding at the trial.

Accordingly, I disagree with my colleagues' determination relative to items Nos. 17 and 19 and vote to compel the plaintiff to provide a further bill of particulars which will answer them. I concur with the balance of the determination.