■ Richard S. Dimarco, Respondent, v Consolidated Rail Corporation, Also Known as Conrail, Appellant, et al., Defendants.—In a negligence action to recover damages for

personal injuries, the defendant Consolidated Rail Corporation (hereinafter Conrail) appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered October 28, 1986, which granted the plaintiff's motion for a protective order striking its demand for a bill of particulars and its notice for discovery and inspection in their entirety.

Ordered that the order is modified, by deleting the provisions thereof which vacated Conrail's demand for a verified bill of particulars and notice for discovery and inspection in their entirety, and substituting therefor provisions granting the plaintiff's motion for a protective order to the extent that the plaintiff is not required to disclose the material requested in item Nos. 6, 11, 12, 19 and 28 of Conrail's demand for a bill of particulars and item Nos. 4 through 13 and 15 through 17 of Conrail's notice for discovery and inspection; as so modified, the order is affirmed, without costs or disbursements. The plaintiff's time to comply with the demand and the notice for discovery and inspection, as so limited, is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry.

To the extent that the court accorded the plaintiff more relief than he requested, we deem the order to have been improper. With respect to the demand for a bill of particulars, we find that the material sought was palpably improper to the extent indicated. While the proper purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial, it may not be utilized as a device to obtain evidentiary material (see, Ginsberg v Ginsberg, 104 AD2d 482, 484). Insofar as the stricken demands called for specifics as to the manner in which the underlying accident occurred and for detailed information pertaining to the plaintiff's medical care, insurance benefits received by the plaintiff and the amount of alcohol served to the codefendant Anthony Verone, they were unduly burdensome and called for information beyond the proper scope of a bill of particulars.

Inasmuch as portions of Conrail's notice for discovery and inspection failed to sufficiently particularize identifiable categories of documents which reasonably would apprise the plaintiff of what they were expected to produce (see, CPLR 3120 [a] [1] [i]; cf., Matter of Beryl, 118 AD2d 705, 707), they are vacated to the extent indicated. Mollen, P. J., Brown, Weinstein, Eiber and Harwood, JJ., concur.