■ STATE OF NEW YORK, Plaintiff, and TOWN OF MOREAU et al., Appellants, v GENERAL ELECTRIC COMPANY, Respondent.— Mercure, J. Appeal from an order of the Supreme Court (Brown, J.), entered March 2, 1990 in Saratoga County, which granted defendant's motion for a further bill of particulars and denied plaintiff Town of Moreau's cross motion to vacate certain items of defendant's demand for a bill of particulars.

Plaintiffs brought this action to abate a public nuisance and for money damages as a consequence of defendant's allegedly improper disposal of toxic wastes in the Town of Moreau,

Saratoga County. As is relevant to this appeal, the complaint alleges that defendant failed to provide or require haulers of its toxic wastes to provide adequate containers or to warn them of other precautions necessary to prevent defendant's waste from being released into the environment of the Town; that defendant disposed of its wastes at an inappropriate location; that defendant knew or should have known that the manner in which its wastes were disposed would result in their release into the environment and that inadequate protective measures had been taken to prevent their migration; and that defendant had a duty of reasonable care to dispose of its chemical wastes in a manner that would prevent their release into the environment. In November 1987, defendant served a demand for a bill of particulars upon plaintiff Town of Moreau, to which the Town responded on May 19, 1988. In June 1988, defendant moved pursuant to CPLR 3042 (d) for an order of preclusion or directing the service of a further bill with respect to the following items of its demand:

"8. * * * [D]escribe the type of containers which plaintiffs contend should have been used. * * *

"10. Describe the method or methods of disposal which plaintiffs contend should have been utilized for the disposal of [defendant's] wastes which were generated at its plants at Fort Edward and Hudson Falls prior to 1970."

The Town cross-moved to vacate the demand with respect to those items. Supreme Court (Ford, J.) rendered a bench decision granting the motion and denying the cross motion. Defendant submitted a proposed order within 60 days thereafter, but Justice Ford retired during October 1988 with the order unsigned. Eventually, in February 1990, an order embodying Justice Ford's decision was signed by Supreme Court (Brown, J.) pursuant to CPLR 9002. The Town appeals, alleging that Supreme Court erred in granting defendant's motion in the first instance, that defendant abandoned its motion by not timely submitting an order subsequent to Justice Ford's retirement (see, 22 NYCRR 202.48 [a], [b]), and that CPLR 9002 did not authorize the signing of the order by a Judge other than Justice Ford. We agree with the Town that Supreme Court erred in granting defendant's motion and denying its cross motion to vacate items 8 and 10 of defendant's demand for a bill of particulars and, accordingly, reverse.

The general rule that a party's failure to timely move for modification or vacatur (see, CPLR 3042 [a]) forecloses further inquiry into the merits of a demand for a bill of particulars (see, e.g., Ryan v Beavers, 170 AD2d 1045) does not apply in a

case where the demand is "palpably improper" *(see, supra; Nigro v Nigro,* 121 AD2d 833). While the term has defied "bright-line" definition *(but see, Bouton v County of Suffolk,* 125 AD2d 620, 624 [dissenting mem]), various recognized categories of demands have been found to be palpably improper *(see, supra)*. Included are demands seeking material which is evidentiary in nature *(see, Posh Pillows v Hawes,* 138 AD2d 472, 474; *Dimarco v Consolidated Rail Corp.,* 131 AD2d 627, 628; *Bouton v County of Suffolk, supra,* at 622), irrelevant to plaintiff's claim *(see, Posh Pillows v Hawes, supra; Lamb v Rochester Gen. Hosp.,* 130 AD2d 963, 964; *Peri v State of New York,* 54 AD2d 997, 998; *Morell v Saratoga Harness Racing,* 44 AD2d 884, 885) or privileged *(see, Ryan v Beavers, supra),* or those which are unduly burdensome *(see, Dimarco v Consolidated Rail Corp., supra; Nigro v Nigro, supra)* or relate to matters of law *(see, Morell v Saratoga Harness Racing, supra)*.

Here, plaintiffs' claim that defendant breached its duty of care by causing or permitting the wastes to be placed in improper containers and to be improperly disposed of created no burden to establish the identity, or even the existence, of proper containers or methods. As such, defendant's demands were outside the allegations of the complaint. Moreover, the demands sought material which was not only evidentiary in nature but a matter of expert proof, clearly beyond the scope of a bill of particulars and manifestly improper *(see, Bouton v County of Suffolk, supra,* at 622; *Nuss v Pettibone Mercury Corp.,* 112 AD2d 744; *McKenzie v St. Elizabeth Hosp.,* 81 AD2d 1003, 1004). Inasmuch as no penalty should ever attach for failure to respond to palpably improper demands *(see, Bouton v County of Suffolk, supra,* at 621), Supreme Court should have granted the Town's motion to vacate items 8 and 10 of defendant's demand.

We need not consider plaintiffs' further contentions.

Order reversed, on the law, with costs, motion denied, cross motion granted, and items 8 and 10 of defendant's demand for a bill of particulars vacated. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.