■ DONALD KEENAN et al., Respondents, v SEARS ROEBUCK

AND Co. et al., Appellants, et al., Defendant. [598 NYS2d 990] — In an action to recover damages for personal injuries, the defendants Sears Roebuck and Co., Gibson Appliance Co., and White Consolidated Industries, Inc., appeal from an order of the Supreme Court, Kings County (Hurowitz, J.), dated March 15, 1991, which denied their motion to preclude the plaintiffs from introducing evidence at trial responsive to certain of the items in their demands for a bill of particulars.

Ordered that the order is affirmed, with costs.

It is well settled that the purpose of a bill of particulars is to amplify the pleadings, limit the proof, and prevent surprise at trial (see, Ferrigno v General Motors Corp., 134 AD2d 479). The statement set forth in the plaintiffs' supplemental bill of particulars sufficiently particularized the specific acts of negligence which gave rise to the asserted defect (see, Moore v Chrysler Corp., 100 AD2d 955). Thompson, J. P., Sullivan, Ritter and Santucci, JJ., concur.