■ MICHAEL MENDELSON, Respondent, v WALTER SZCZUPAK, Appellant. [608 NYS2d 111] —In an action to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), entered October 24, 1991, which granted the plaintiff's motion for a protective order pursuant to CPLR 3103 (a) and 3042 (a).

Ordered that the order is modified, as a matter of discretion, by deleting those provisions of the order which granted those branches of the plaintiff's motion which were for a protective order pursuant to CPLR 3103 (a) vacating a notice for discovery and inspection and limiting a notice to take deposition, and those branches of the motion are denied; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, to set the time for compliance with the notice for discovery and inspection, and the time and place for taking the deposition.

Since certain enumerated demands in the defendant's demand for a bill of particulars did not seek an amplification of the pleadings, to limit the proof, or prevent surprise at trial, but rather sought evidentiary material, the court did not improvidently exercise its discretion in striking those demands (see, CPLR 3042 [a]; Keenan v Sears Roebuck & Co., 193 AD2d 719; Scalone v Phelps Mem. Hosp. Ctr., 184 AD2d 65, 76; Twiddy v Standard Mar. Transp. Servs., 162 AD2d 264; Nuss v Pettibone Mercury Corp., 112 AD2d 744).

However, as the material requested in the defendant's demand for discovery and inspection was material and relevant to the defense of the action, the court improvidently vacated the demand (see, CPLR 3101 [a]; Bigman v Dime Sav. Bank, 153 AD2d 912). In addition, the defendant has also made a strong showing of necessity for the plaintiff's tax returns (see, Editel, N. Y. v Liberty Studios, 162 AD2d 345; Roth v American Colonial Ins. Co., 159 AD2d 370). Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.