Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered June 29, 2011, which, to the extent appealed from as limited by the briefs, granted defendants’ motion for summary judgment dismissing the Labor Law § 240 (1) claim and denied plaintiffs cross motion for summary judgment on the issue of defendants’ liability under Labor Law § 240 (1), unanimously modified, on the law, defendants’ motion denied, and otherwise affirmed, without costs.
Plaintiff testified that while cleaning the top shelves of a closet, in an apartment that was undergoing a gut renovation, the A-frame ladder that she was using to complete the task tipped over causing her to fall to the ground with the ladder falling on top of her. Under these circumstances, dismissal of the section 240 (1) cause of action was improper. Where, as here, a plaintiff has shown that the ladder on which she was standing was unstable and tipped over, a prima facie case of liability under Labor Law § 240 (1) has been established (see Harrison v V.R.H. Constr. Corp., 72 AD3d 547 [2010]; Thompson v St. Charles Condominiums, 303 AD2d 152, 154 [2003], lv dismissed 100 NY2d 556 [2003]).
However, plaintiff is not entitled to summary judgment on the issue of liability. The manner of the happening of the accident is within the exclusive knowledge of plaintiff, and the only evidence submitted in support of defendants’ liability is plaintiff’s account. Defendants should have the opportunity to subject plaintiff’s testimony to cross-examination to explore whether she misused the ladder and was the sole proximate cause of the accident, and to have her credibility determined by a trier of fact (see e.g. Manna v New York City Hous. Auth., 215 AD2d 335 [1995]). Concur — Tom, J.P., Andrias, Friedman, Moskowitz and Renwick, JJ.