Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 7, 2012, which, to the extent appealed from as limited by the briefs, granted plaintiffs motion for summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.
Plaintiff testified that he was injured when the A-frame ladder he was standing on tipped over after it shifted because of the unevenness of the floor, and he fell. The accident involved an elevation-related risk, and plaintiffs injuries were proximately caused, at least in part, by defendants’ failure to provide him with proper protection as required by Labor Law § 240 (1) (see Dwyer v Central Park Studios, Inc., 98 AD3d 882, 883 [1st Dept 2012]). Plaintiff was not required to show that the ladder was defective (see id.).
Contrary to defendants’ contention, the record presents no triable issue of fact whether plaintiffs negligence was the sole proximate cause of the accident, because there is no evidence that plaintiff fell simply because he lost his balance (see Carchipulla v 6661 Broadway Partners, LLC, 95 AD3d 573 [1st Dept 2012]).
Defendants argue that plaintiff was not entitled to summary judgment because the only evidence as to their liability is his testimony, and they should have the opportunity to cross-examine him and have his credibility determined by a factfinder. However, in contrast to Grant v Steve Mark, Inc. (96 AD3d 614 [1st Dept 2012]), the case on which defendants rely, plaintiffs testimony was not the only evidence; plaintiff submitted an affidavit by a witness who was present immediately after the accident and observed the uneven condition of the floor in the area in which plaintiff had been working.
We have considered defendants’ remaining contentions and find them unavailing. Concur—Andrias, J.E, Saxe, Freedman and Román, JJ. [Prior Case History: 2012 NY Slip Op 31197(U).]