Pabon v 940 S. Blvd., LLC (2020 NY Slip Op 02117)





Pabon v 940 S. Blvd., LLC


2020 NY Slip Op 02117


Decided on March 26, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2020

Friedman, J.P., Manzanet-Daniels, Gesmer, González, JJ.


11314 301794/13

[*1]Rafael Pabon, Plaintiff-Respondent,
v
940 Southern Blvd., LLC, et al., Defendants-Appellants, Knickerbocker Management, LLC, et al., Defendants.


Hannum Feretic Prendergast & Merlino, LLC, New York (Steven R. Dyki of counsel), for appellants.
Silbowitz Garafola Silbowitz Schatz & Frederick, LLP, New York (Jill B. Savedoff of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about November 14, 2018, which granted plaintiff's motion for partial summary judgment on the issue of liability on his negligence claim as against defendants 940 Southern Blvd., LLC and FT Meat Corporation, unanimously reversed, on the law, without costs, and the motion denied.
Partial summary judgment on the issue of liability was improperly granted in this action where plaintiff alleges that he was injured when he tripped and fell on the sidewalk abutting property owned by 940 Southern Blvd., LLC and operated as a supermarket by defendant FT Meat Corporation. Plaintiff's account of his accident was uncorroborated by any witnesses, reports to others, or his medical files, and he did not seek treatment for his injury to his wrist until several weeks after his fall. Since the manner in which plaintiff's alleged accident occurred is within his exclusive knowledge, and the only evidence submitted in support of defendants' liability is plaintiff's account, defendants should have the opportunity to subject plaintiff's testimony to cross-examination to have his credibility determined by a trier of fact (see Grant v Steve Mark, Inc., 96 AD3d 614 [1st Dept 2012]; Jones v West 56th St. Assoc., 33 AD3d 551 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2020
CLERK