Berkovich v Judlau Contr., Inc. (2022 NY Slip Op 01733)





Berkovich v Judlau Contr., Inc.


2022 NY Slip Op 01733


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Webber, J.P., Moulton, Kennedy, Mendez, Pitt, JJ. 


Index No. 151498/19 Appeal No. 15513 Case No. 2021-02004 

[*1]Albert Berkovich, Plaintiff-Respondent,
v
Judlau Contracting, Inc., et al., Defendants, Kone, Inc., et al., Defendants-Appellants.


Ansa Assuncao LLP, White Plains (Thomas O. O'Connor of counsel), for appellants.
Alexander J. Wulwick, New York, for respondent.



Order, Supreme Court, New York County (Frank P. Nervo, J.), entered May 5, 2021, which, to the extent appealed from as limited by the briefs, denied defendants Kone, Inc. and Kone Elevators & Escalators of New York City's motion to compel plaintiff to supplement his answers to their interrogatories, unanimously affirmed, without costs.
Plaintiff was injured when working on an escalator at the South Ferry subway station in Manhattan. He alleges that while he was working in the "pit" at the escalator's base, the escalator began moving at high speed without warning and without intentional human intervention, catching his right foot in the mechanism and causing injuries requiring the amputation of a portion of his leg.
Defendants contend that plaintiff's answers to certain interrogatories directed to identifying the escalator's alleged defects were insufficient. Supreme Court rejected that assertion, and we agree.
"It is well settled that a products liability cause of action may be proven by circumstantial evidence, and thus, a plaintiff need not identify a specific product defect" (Ramos v Howard Indus., Inc. 10 NY3d 218, 223 [2008]). In the absence of evidence identifying a specific defect "a plaintiff must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to [the] defendants" (id. at 223 [internal quotation marks omitted]). If a "plaintiff is unable to prove both elements, 'a jury may not infer that the harm was caused by a defective product unless [the] plaintiff offers competent evidence identifying a specific flaw'" (id.,quoting Speller v Sears, Roebuck & Co., 100 NY 2d 38, 42 [2003]).
In his interrogatory responses, plaintiff identified several alleged design defects, including the design of the pit, that contributed to his injury. However, he did not identify a cause for the unexpected start up of the escalator. Plaintiff's response that "[t]he software, circuity, controller or other componentry allowed the inadvertent, unexpected and unintended movement of [the] escalator, without the activation of the key 'start-stop station'" does not specify the defect which allegedly caused the escalator to start unexpectedly at high speed. Presently, plaintiff asserts that he cannot pinpoint the defective component that allowed the escalator's machinery to begin moving without warning. In an instance where plaintiff "presently lacks the knowledge" to specifically identify the nature of the defect, plaintiff can testify to that "under oath" (Cornachio v General Motors Corp., 63 AD2d 941, 941 [1st Dept 1978]. As plaintiff concedes, if he acquires the pertinent information he would be under an obligation to promptly supplement his answers to the interrogatories at issue (see Cornachio, 63 AD2d 941).
We have reviewed defendants' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, [*2]FIRST DEPARTMENT.
ENTERED: March 15, 2022