Berkovich v Judlau Contr., Inc. (2025 NY Slip Op 02714)

Berkovich v Judlau Contr., Inc.

2025 NY Slip Op 02714

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Index No. 151498/19 595334/22|Appeal No. 4294|Case No. 2024-01659|

[*1]Albert Berkovich, Plaintiff-Respondent,
v
Judlau Contracting, Inc., et al., Defendants, Kone, Inc., et al., Defendants-Appellants. [And A Third-Party Action] 

Thomas O. O'Connor, PLLC, White Plains (Thomas O. O'Connor of Counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about December 5, 2023, which denied the motion of defendants Kone, Inc. and Kone Elevators & Escalators of New York City for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to dismiss plaintiff's product liability claims as against them insofar as the claims were premised on failure to warn and breach of warranty, and otherwise affirmed, without costs.
Plaintiff alleges that as he was performing maintenance on an escalator, the escalator suddenly started as he stood in its lower maintenance pit, causing his leg to become ensnared in the escalator's mechanical parts. Plaintiff commenced this products liability action against defendants, who designed, manufactured, and installed the escalator, alleging that defects in the escalator's mechanisms, circuitry, and software caused a sudden "ghost start" of the escalator.
Defendants established prima facie entitlement to dismissal of plaintiff's product liability claims. Defendants' engineering experts explained how the escalator's mechanical design and software was designed to preclude a sudden activation of the escalator when it was in either "run" mode or "inspection" mode, unless someone turned the key-start switch and simultaneously pressed an adjacent button at the top or bottom of the escalator. According to one of defendant's experts, the escalator was designed with redundancies in the circuitry to prevent the escalator from starting on its own, and that it was not possible that the escalator started on its own without human intervention.
Defendants also established prima facie entitlement to dismissal of plaintiff's claims of design defects in specific components of the escalator's lower maintenance pit, allegedly making it difficult to enter and exit the pit safely. Defendants offered deposition testimony from employees of third-party defendant New York City Transit Authority establishing that no prior complaints, including from plaintiff, were received regarding the lower pit's layout design or its accessibility via a fold-down step. Defendants also established that any design defects in the lower pit were not a substantial factor in causing the injuries, as plaintiff's leg would not have become ensnared without the escalator's alleged ghost start (see Amatulli v Delhi Construction Corporation, 77 NY2d 525, 532 [1991]).
However, in opposition, plaintiff's circumstantial evidence, expert and otherwise, raised issues of fact as to his ghost-start claim. Plaintiff's deposition testimony and that of his coworker present factual issues as to whether the escalator's mechanisms, circuitry, or software performed safely as intended, and as to whether that testimony excluded all causes for the product's failure not attributable to the defendants (see Berkovich v Judlau Contr., Inc., 203 AD3d 507, 508 [1st Dept 2022]). In addition, questions of potential human error involved in this [*2]case raise credibility issues that cannot be resolved on this summary judgment motion (see Grant v Steve Mark, Inc., 96 AD3d 614, 614 [1st Dept 2012]). Plaintiff's deposition testimony also raised factual issues as to whether the design of the lower pit at the time of the accident, such as the small folding step and the lack of hand-support equipment, created access difficulties, causing him to lose his balance and step into a vulnerable area of the escalator just before the escalator suddenly activated, resulting in the crushing of his leg in the moving mechanical equipment (see Ramos v Howard Indus., Inc., 10 NY3d 218, 223 [2008]).
Moreover, plaintiff's expert testified that he witnessed the start and run of a Kone Trans 180 escalator without utilizing a start/stop key switch station or a handheld pendant control box during one of his training classes.
To the extent plaintiff's product liability claims allege a failure to warn and breach of warranty, those claims were voluntarily abandoned and are therefore dismissed (see Rivera v Anilesh, 32 AD3d 202, 204-205 [1st Dept 2006], affd 8 NY3d 627 [2007]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025