(October 26, 1961)

■ EDWIN H. HELFANT et al., Respondents, v. GERALD J. RAPPOPORT, Appellant.

*Per Curiam.* Defendant moved at Special Term to preclude plaintiffs for their failure to serve a bill of particulars. Plaintiffs cross-moved for summary judgment and the cross motion was granted.

The action is for the balance of payments to be made on a contract wherein the plaintiffs sold and defendant bought all of the stock of Samsing Creations, Inc., a New Jersey corporation. It was provided in the agreement that the sellers should turn over to an escrow agent certain corporate books, and also indorse and deliver their stock certificates and resignations as officers and directors to the escrow agent. The agreement further provides that after $20,000 had been paid by the buyer to the sellers, the escrow agreement should terminate and the escrow agent turn over all items held by it to the buyer. Concededly, more than $20,000 has been paid on the agreement, but the plaintiffs have refused to allow the escrow agent to turn over the documents held by it to the defendant. Furthermore, an issue has been raised as to whether all of the documents provided in the contract to be delivered to the escrow agent were in fact delivered to him.

These contentions raise issues which should have defeated the motion for summary judgment. Other contentions were made by the defendant, but whether or not these constitute issues is not passed upon at this time.

The defeat of plaintiffs' cross motion necessitates a decision on defendant's application to preclude. Plaintiffs did not comply with defendant's demand

for a bill of particulars. No motion was made to vacate or modify the demand, and the failure to so move establishes the validity of the items. Preclusion can no longer be resisted by raising questions as to the validity or propriety of any item (*Tomasino* v. *Prudential Westchester Corp.*, 1 A D 2d 781; Rules Civ. Prac., rule 115). An exception does exist where the item demanded is palpably improper (*Coin* v. *Lebenkoff*, 10 A D 2d 916). By what is palpably improper is meant items not only not strictly allowable but also so burdensome to supply that compliance will involve a task that is unreasonable to exact. Furthermore, a party who takes it upon himself to refuse to comply without a prior application to modify or vacate, takes the risk of an adverse decision; and if his contention does not find favor with the court, he must be precluded (see *Coin* v. *Lebenkoff*, 14 A D 2d 679).

In this instance, we grant the motion to preclude unless a bill is served in accordance with the demand within 10 days of service of a copy of this order with notice of entry thereon. We do find, however, that items 3, 17 and 18 do come within the excepted classification and, as to these, plaintiff need not respond. A failure to serve a proper bill in regard to the remaining items will result in preclusion.

Order granting summary judgment reversed and judgment thereon vacated.

STEVENS, J. (dissenting). This action is based upon an agreement dated January 22, 1959 by the defendant to purchase outstanding capital stock of a corporation owned by the plaintiffs. The agreed price was $40,000, $10,000 payable on closing and the balance of $30,000 was to be paid monthly beginning February 23, 1959 and ending July 23, 1959. The agreement provided that the sellers should turn over to an escrow agent corporate books, indorsed stock certificates and their resignations as officers and directors of the corporation. After $20,000 had been paid under the agreement the documents were to be turned over by the escrowee to the defendant. Thirty-three thousand dollars was paid. However, a $5,000 check which was the payment due July 23, 1959 was returned marked insufficient funds, and the defendant also stopped payment on two other checks for $1,000 each. The action was commenced on September 22, 1959 for the balance of $7,000.

As late as a month before the action was started the defendant acknowledged in writing his obligation under the afore-mentioned agreement. Nor does he deny that he made repeated oral representations to the plaintiffs that he was having financial difficulties and the final payments would soon be forthcoming. Accordingly, any of the undocumented allegations of fraud or duress are of *post litem* vintage and fail to raise triable issues of fact. Moreover, the alleged dispute as to the escrow agreement in my view was an afterthought by the defendant to further delay payments past due. It was not until after defendant's admission of financial difficulties, and default in payment, that he raised any question as to the terms of the escrow agreement. Furthermore, it appears that he has now in his possession the documents and papers necessary to conduct the corporate affairs. Accordingly, there are no triable issues of fact and the order and judgment should be affirmed.

Breitel, J. P., McNally and Steuer, JJ., concur in *Per Curiam* opinion; Stevens, J., dissents in opinion in which Valente, J., concurs.

Order granting summary judgment reversed on the law, without costs, the judgment thereon vacated and the cross motion for summary judgment denied. Settle order on notice.