■ FRANK J. PANARELLI et al., Respondents, v STATE FARM FIRE & CASUALTY COMPANY et al., Appellants, et al., Defendant.—In an action *inter alia* on a policy of fire insurance, the appeals are from two orders of the Supreme Court, Suffolk County, both dated May 7, 1976, (1) the first of which denied appellants' motion to vacate certain items contained in plaintiffs' demand for a bill of particulars and (2) the second of which (a) denied appellants' motion for an order of preclusion and (b) granted plain-

tiffs' cross motion to fix a date for examinations before trial. First above-described order affirmed, with $50 costs and disbursements. Second above-described order modified by (1) adding thereto, following the provision that the preclusion motion "is denied", the following: "on condition that plaintiffs comply in full with the demand for a bill of particulars, or promptly move for modification of the said demand" and (2) deleting therefrom the provision granting the cross motion and substituting therefor provisions that the cross motion is denied and that the examinations before trial shall be held after the service by plaintiffs of a proper bill of particulars. As so modified, order affirmed, without costs or disbursements. The time within which plaintiffs may move for modification of the demand for a bill of particulars is extended until 10 days after entry of the order to be made hereon. A party seeking to object to any items in a demand for a bill of particulars must follow the procedure prescribed by CPLR 3042. Thus, within a 10-day period from service of the demand the objecting party may move to vacate or modify the demand, with supporting papers stating clearly and specifically what is being objected to and the grounds of such objection (*Cornell v Mor-Nell Development Corp.*, 43 Misc 2d 1086). Only upon a showing that items in the demand are "palpably improper" may the items be scrutinized despite the lateness of the objection or the entry of an order of preclusion against a party (*Goldstein v Brogan Cadillac Oldsmobile Corp.*, 46 AD2d 799). The bill of particulars submitted by plaintiffs was incomplete. However, no objections were timely made; nor was there a showing that the demand was "palpably improper". However, there was some attempt made at compliance. The harsh remedy of preclusion should be softened by making it conditional upon plaintiffs' appropriate action. Plaintiffs' demands were neither burdensome nor evidentiary in nature. An amplification of the pleadings was properly sought. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Hawkins, JJ., concur.