■ PUBLIC SERVICE MUTUAL INSURANCE COMPANY et al., Respondents, v DAVID E. FLATOW, Appellant.—Order, Supreme Court, New York County, entered June 15, 1977, unanimously modified, on the law, to the extent of (1) striking those portions of plaintiffs' bill of particulars heretofore served wherein plaintiffs reserved the right to serve a further or supplemental bill of particulars; (2) permitting plaintiffs to serve a further, supplemental or amended bill of particulars only on court order entered following a proper motion for such relief, supported by proper papers, as required by applicable rules; and (3) directing that plaintiffs serve a statement under oath as to those items to which the order appealed from directed a further response and as to which plaintiffs claim that they lack knowledge, and otherwise

affirmed, without costs or disbursements. We have reviewed both defendant's demand and the bill of particulars heretofore served by plaintiffs and find both to be improper. Under such circumstances, it is unnecessary for Special Term to prune either the demand or bill to construct a proper demand or bill. Here, however, the Justice at Special Term carefully pruned both the demand and the bill, and directed that further particulars be furnished to a limited extent. The exercise of discretion in that regard should not be interfered with. We do find, however, that the purported reservation of the right to serve a further or supplemental bill was improper and without effect. We have held in the past that where a party responding to a demand for a bill of particulars lacks sufficient knowledge, proper procedure requires a frank and honest statement that the party does not have the necessary information to respond and will supplement the bill by service of a supplemental bill of particulars when the information is obtained, presumably during the conduct of discovery proceedings, but in any event, before the action is noticed for trial *(Nelson v New York Univ. Med. Center,* 51 AD2d 352, 355). Such statement of lack of knowledge is to be under oath. A party may not properly reserve a general or blanket right to serve an amended or supplemental bill of particulars. Such a practice is contrary to applicable rules (CPLR 3025, subd [b]) and would subvert approved procedure requiring a motion for leave to serve an amended or supplemental bill, supported by proper and sufficient affidavits of persons with requisite knowledge of the facts which could properly be considered upon motion for summary judgment. Concur—Lupiano, J. P., Birns, Fein and Sullivan, JJ.