■ F. D. MASTERSON ENTERPRISES, INC., et al., Appellants, v CASTRO CONVERTIBLE CORPORATION, Respondent. — In an action to recover damages based upon defendant's alleged wrongful termination of a franchise agreement and violation of section 340 of the General Business Law (unlawful restraint of trade), plaintiffs appeal from an order of the Supreme Court, Putnam County (Sullivan, J.), dated December 3, 1981, which granted defendant's motion to preclude plaintiffs from giving evidence as to certain items contained in defendant's demand for a bill of particulars, unless plaintiffs submit a more responsive bill within a specified time. Order modified so as to deny the motion to preclude as to Items Nos. 26, 27, 28 and 29. As so modified, order affirmed, without costs or disbursements. Plaintiffs' time to furnish a further bill of particulars as to the remaining items is extended until 30 days after service upon them of a copy of the order to be made hereon, with notice of entry. Plaintiffs' particulars in response to Items Nos. 26, 27, 28 and 29 are adequate to apprise defendant of the nature of plaintiffs' claims and to limit the scope of their pleading. Plaintiffs will be limited in their proof to evidence of the matters set forth in their bill (see Hencken v Edelman, 19 AD2d 821). Plaintiffs have failed to demonstrate that the remaining items in question are "palpably improper", which they were required to do since they did not move to modify or vacate the demands as required by CPLR 3042 (subd [a]). These remaining demands were neither unduly burdensome nor evidentiary in character and so amplification of the pleadings was properly sought (see Panarelli v State Farm Fire & Cas. Co., 54 AD2d 961). O'Connor, J. P., Bracken, Niehoff and Boyers, JJ., concur.