■ Carolyn M. Hoven, Appellant, v John H. Hoven, Respondent. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered January 18, 1982 in Saratoga County, which granted defendant's motion to preclude plaintiff from giving any evidence at trial of certain items of which the particulars were found to be inadequate. Plaintiff commenced this action seeking to set aside a separation agreement on the ground of fraud. In his answer, defendant counterclaimed for child custody and for a decrease in maintenance due to a change in financial circumstances of the parties. A demand for a bill of particulars was served upon plaintiff on April 23, 1981. A

timely bill of particulars was not served and defendant moved for an order of preclusion. In due course, a 30-day conditional order was granted. Within this 30-day period, plaintiff served a bill of particulars. Upon receipt of the bill of particulars, defendant again moved for an order of preclusion, this time upon the ground that plaintiff's responses to the demand for a bill of particulars were defective and insufficient. Special Term granted this motion and the instant appeal ensued. Initially, plaintiff contends that Special Term erred by not striking defendant's demands as improper. In this regard, CPLR 3042 (subd [a]) provides that if the recipient has any objection to the demand, the recipient has 10 days from service of the demand in which to move to vacate or modify it. Plaintiff failed to make such a motion and, since the instant demand is not palpably improper, plaintiff's contention in this regard must be rejected (*Helfant v Rappoport,* 14 AD2d 764). Next, plaintiff contends that Special Term abused its discretion by rendering an outright order of preclusion, rather than an conditional order of preclusion. After reviewing the instant record, we must agree. Although plaintiff's answers to the demand were deficient, there is no apparent reason on the record why Special Term declined to provide plaintiff with an opportunity to rectify the deficiencies by granting a conditional order of preclusion (cf. *Panarelli v State Farm Fire & Cas. Co.,* 54 AD2d 961; *Barone v Gangi,* 34 AD2d 889). Order modified, on the law and the facts, by providing that defendant's motion to preclude is granted unless plaintiff serves a proper bill of particulars within 20 days of the date of service of the order to be entered hereon, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Weiss, JJ., concur.