OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion, dated February 9, 1983, and supporting affidavit, the defendant moves for an order pursuant to CPLR 3042 “precluding the plaintiff from offering evidence for which the particulars have been demanded in demand number 10 of the demand for a verified bill of particulars dated November 9,1982, or, in the alternative, requiring the plaintiff to serve a further bill of particulars”.
The plaintiff opposes the motion by affirmation, subscribed on March 3, 1983.
This is an action to recover money damages allegedly resulting from an automobile accident occurring on July 29, 1982. On November 9, 1982, the defendant served a demand for a verified bill of particulars. In demand No. 10, the defendant requested a statement as to whether “the plaintiff had collision insurance or was reimbursed in whole or in part, the amount so paid and the amount of interest, if any, plaintiff retains in her property damage action”. The defendant received the verified bill of particulars on January 31, 1983. The response to paragraph 10 was merely “refused”.
The defendant now moves to preclude, alleging that the response was, in fact, unresponsive. In opposition, the *115 plaintiff contends that the demand was beyond the scope of a bill of particulars, and that she, therefore, need not have responded.
The procedural guidelines for the demanding and serving of a bill of particulars are set forth on CPLR 3042. Following a written notice demanding a bill of particulars, a party who objects to providing the bill, or any part thereof, must move to vacate or modify such notice within 10 days of its receipt. The consequences of failure to move to vacate or modify the demand as required by CPLR 3042 can be severe. Except when the demand is palpably improper, the objecting party can no longer resist preclusion by questioning the propriety of any item demanded. (Coin v Lebenkoff, 10 AD2d 916.) Items which are palpably improper are those “not only not strictly allowable but also so burdensome to supply that compliance will involve a task that is unreasonable to exact.” (Helfant v Rappoport, 14 AD2d 764, 765.)
Addressing the case at bar, the court finds that by merely refusing to reply, the plaintiff may no longer contest the demand for a bill on the ground that it is improper. Furthermore, the exception represented by Helfant and related cases is patently not relevant here as compliance with the demand would not be burdensome.
Accordingly, the motion to preclude is granted unless a bill addressed to paragraph 10 of the notice is served within 10 days of service of a copy of the order made pursuant to this decision with notice of entry thereon.