■ HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT OF HUNTINGTON AND BABYLON, Respondent, v MILTON COSTELLO, Appellant. — In an action to recover damages, *inter alia,* for breach of contract, defendant appeals from an order of the Supreme Court, Suffolk County (Copertino, J.), dated December 28, 1982, which granted plaintiff's motion to preclude defendant from giving any evidence at trial as to his affirmative defenses and counterclaims. ¶ Order affirmed, with costs. ¶ The bill of particulars submitted by defendant's counsel was clearly inadequate in many instances and did not comply with a conditional order of preclusion dated June 9, 1982 and extended by order dated August 11, 1982. It was not the duty of Special Term to construct a proper bill (*Public Serv. Mut. Ins. Co. v Flatow,* 64 AD2d 514). The use of the word "opposed" in several instances in the bill of particulars is particularly unacceptable in view of defendant's utter failure to move to vacate or modify the plaintiff's demand (CPLR 3042, subd [a]; *Helfant v Rappoport,* 14 AD2d 764; *Morell v Saratoga Harness Racing,* 44 AD2d 884; *Pratt & Sons v Kingsley Drilling & Blasting,* 52 AD2d 997; *Bergman v General Motors Corp.,* 74 AD2d 886). Accordingly, Special Term was correct in granting plaintiff's motion for a final order of preclusion. Mangano, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.