■ ADONIA FORTE, Respondent, v JOHN E. PERRY et al., Appellants. — In an action pursuant to RPAPL article 15 to determine a claim to real property and to declare certain covenants, restrictions and easements void, defendants appeal from an order of the Supreme Court, Nassau County (Becker, J.), dated May 2, 1984, which granted plaintiff's motion to vacate certain items of defendants' demand for a bill of particulars.

Order reversed, with costs, and motion denied. Plaintiff's time to respond to defendants' demand for a bill of particulars is extended until 20 days after service upon her of a copy of the order to be made hereon, with notice of entry.

Since a bill of particulars is not a disclosure device, it is technically improper to make a demand for a bill of particulars the subject of a motion to suspend disclosure (*Union Natl. Bank v Russo,* 64 AD2d 759). Under the circumstances of this case, a motion to vacate defendants' demand pursuant to CPLR 3042 (a) would likewise have been improper. From the complaint as it now exists, defendants are unable to reasonably ascertain what it is plaintiff intends to prove at trial. In soliciting statements of the reasons or grounds underlying plaintiff's conclusory allegations in paragraphs 8 through 12 of the complaint, defendants were justifiably attempting to obtain a more expansive statement of the plaintiff's contentions rather than a description of the evidence to be adduced at trial (*see,* Siegel, NY Prac § 238).

Notwithstanding plaintiff's bald assertions, there is no proof that compliance with defendants' demand would require disclosure of any work product or material prepared for litigation (*see, Zimmerman v Nassau Hosp.,* 76 AD2d 921, 922; *Chemical Bank v National Union Fire Ins. Co.,* 70 AD2d 837). Nor are the subject demands palpably improper (*Bergman v General Motors Corp.,* 74 AD2d 886) or so burdensome to supply that compliance would entail an unreasonable task (*Mull v Kenyon,* 118 Misc 2d 114).

Under these circumstances, plaintiff should have been ordered to respond to the subject demand with the specificity requested by defendants. Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.