■ LORRAINE HOFFMAN, Respondent, v MORRIS DICKMAN et al., Defendants, and MILTON HOLTZMAN et al., Appellants.—In a medical malpractice action to recover damages for personal injuries, the appeal is from an order of the Supreme Court, Nassau County (Meade, J.), dated May 22, 1984, which granted a conditional order of preclusion and failed to grant appellants' motion for summary judgment.

Order affirmed, without costs or disbursements.

In response to a conditional order of preclusion of the Supreme Court, Nassau County (Berman, J.), dated November 22, 1983, plaintiff timely served further bills of particulars upon the appellants. Nonetheless, the appellants moved, *inter alia,* for summary judgment, arguing that the further bills of particulars wholly failed to meet the directive contained in Justice Berman's conditional preclusion order that plaintiff serve a further bill of particulars "specifically stating the allegations as they pertain to each defendant, individually".

In opposition to appellants' motions, *inter alia,* for summary judgment, plaintiff served a second set of further bills of particulars. Special Term (Meade, J.), did not grant summary judgment to the appellants but did grant a conditional order of preclusion. In its decision the court stated, in part: "Although plaintiff has commendably reduced the length of the response, it still contains unacceptable references to the prior bill".

In light of the serious nature of plaintiff's alleged injuries, and her attempts at compliance, it was not an abuse of discretion for Special Term to allow plaintiff another chance to serve a proper bill of particulars *(see, Panarelli v State Farm Fire & Cas. Co.,* 54 AD2d 961; *Hoven v Hoven,* 91 AD2d 805; *cf. Half Hollow Hills Cent. School Dist. v Costello,* 100 AD2d 505). Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.