(March 27, 1990)

■ In the Matter of MURRAY F. LEWIS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent is an attorney admitted in this department in 1955 and maintains an office for the practice of law in Ithaca, Tompkins County. In this disciplinary proceeding, petitioner Committee on Professional Standards alleged nine charges of professional miscon-

duct stemming from respondent's conduct in managing client funds, misleading of attorneys and petitioner, and failure to cooperate with petitioner or to comply with orders and a subpoena issued by this court.

Charge I of the petition, containing three specifications, alleges that respondent violated DR 1-102 (A) (5), (6) and 9-102 (B) of the Code of Professional Responsibility* by failing to maintain complete records of clients' funds and failing to render appropriate accounts to clients as to such funds. Specification 1 alleges respondent was given $5,000 by a client to be held in escrow pending completion of a real estate transaction, and that the funds were actually deposited in a certificate of deposit in the name of "Murray F. Lewis as Attorney" without any indication that the funds were being held in escrow. Specification 2 alleges that respondent received $50,000 as the

---

* DR 1-102 (A) (4), (5), (6) of the Code of Professional Responsibility state:

"A. A lawyer shall not * * *

"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

"(5) Engage in conduct that is prejudicial to the administration of justice.

"(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

DR 9-102 of the Code of Professional Responsibility states:

"(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

"(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

"(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

"(B) A lawyer shall:

"(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

"(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

"(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

"(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

balance to be paid on the real estate transaction noted in specification 1, and that from the date these funds were placed in respondent's escrow account, along with a subsequent deposit to escrow of the funds described in specification 1, until the time these funds were paid out on behalf of the client, respondent failed to maintain appropriate records as to the receipt, maintenance and dispersal of the funds. Specification 3 alleges that respondent was authorized pursuant to a power of attorney to handle banking transactions for an 82-year-old client, and from the time of the authorization until the client's death respondent failed to maintain records or render accounts to the client. The Referee sustained this charge insofar as he found respondent violated DR 1-102 (A) (5) and 9-102 (B).

Charge II, containing two specifications, alleges that respondent violated DR 1-102 (A) (4), (5), (6) and 9-102 (A), (B) by converting funds belonging to the client involved in the real estate transaction discussed in specifications 1 and 2 of charge I. Specification 1 alleges that, between the date respondent received the $50,000 to be held in escrow until the date the funds were paid out, respondent's escrow account balance fell below that required to be maintained for the client. Specification 2 alleges the same transgression regarding the initial $5,000 given respondent by the client to be held in escrow. The Referee sustained this charge, finding that at one point the balance of respondent's escrow account fell to $128.81 and that respondent had been drawing checks on this account to pay his personal and business obligations.

Charge III alleges that respondent violated DR 1-102 (A) (4), (5), (6) and 9-102 (A), (B) by converting funds belonging to the elderly client involved in specification 3 of charge 1. This charge contains four specifications. Specification 1 alleges that respondent, acting pursuant to a power of attorney, transferred a total of $144,055.95 to the client's checking account, $58,500 from the client's savings accounts and $85,555.95 by cashing or borrowing against the client's certificates of deposit, and issued checks to himself totaling $81,425. Specification 2 alleges that respondent, as part of the $81,425 he disbursed to himself, paid himself $27,050 as attorney's fees and failed to render bills or accounts to the client for these fees. Specification 3 alleges that respondent issued a check to himself with the notation "escrow funds" which he did not deposit into his escrow account but into his own business account, the balance of which subsequently fell below the amount required to maintain the funds for the client. Specifi-

cation 4 alleges respondent issued a $40,000 check to himself from the client's checking account with the notation "10/1/88 note", indicating a loan from the client, when in fact no such note from the client existed. The Referee sustained this charge only insofar as finding that respondent violated DR 1-102 (A) (5), (6) and 9-102 (B).

Charge IV alleges that respondent violated this court's rule (22 NYCRR 806.18) by commingling clients' funds with his own funds and failing to maintain required attorney escrow account records. This charge contains four specifications. Specification 1 alleges respondent failed to maintain adequate records regarding funds held on behalf of the client discussed in specifications 1 and 2 of charge I. Specification 2 alleges a similar failure on respondent's part as to $40,000 which respondent withdrew from the funds of the client involved in specification 3 of charge I and deposited into his escrow account. Specification 3 alleges respondent commingled his funds with his clients' funds by depositing $60,011.59 of his own funds into his escrow account. Specification 4 alleges respondent commingled funds by depositing a $3,000 check he issued to himself pursuant to a power of attorney with the notation "escrow account" into his business account. The Referee found that respondent's conduct violated 22 NYCRR 806.18 and sustained this charge.

Charge V, containing one specification, alleges respondent violated DR 1-102 (A) (5) and 9-102 (B) by retaining for his own use interest earned on his escrow account. The Referee sustained this charge to the extent of finding that respondent failed to keep a record of interest earned on or disbursed from his escrow account in violation of DR 1-102 (A) (5) and 9-102 (B).

Charge VI alleges respondent violated DR 1-102 (A) (4), (5) by misleading attorneys on two occasions. This charge contains two specifications. Specification 1 alleges that respondent, in corresponding with an attorney in connection with the real estate transaction referred to in charge I, stated that $55,000 had been deposited in his trust account for the purchase when in fact this sum had not been so deposited. Specification 2 alleges that respondent, in subsequently corresponding with a different attorney concerning the same matter, stated that payment for the property was to be made out of escrow funds he was holding when in fact the funds were not in escrow. The Referee sustained this charge insofar as he found a violation of DR 1-102 (A) (5).

Charge VII alleges respondent violated DR 1-102 (A) (4), (5)

in that he attempted to mislead petitioner. The one specification under this charge alleges that, while testifying under oath as to an inquiry concerning the real estate transaction discussed above, respondent made numerous statements which were false. The Referee sustained this charge.

Charge VIII alleges respondent violated DR 1-102 (A) (5), (6) in that respondent failed to cooperate with petitioner. This charge contains one specification, averring that respondent failed to reply to an initial inquiry within 20 days, failed to answer a second letter within the required seven days, and answered only when subpoenaed to attend a hearing under oath. The Referee sustained this charge insofar as he found respondent to have violated DR 1-102 (A) (5).

Finally, charge IX alleges respondent violated DR 1-102 (A) (5), (6) in that he failed to reply to a judicial subpoena or comply with court rules. This charge contains four specifications. Specification 1 alleges that respondent, in appearing pursuant to a judicial subpoena obtained from this court by petitioner, failed to produce all records requested. Specification 2 alleges that respondent, in responding to a court order to produce certain documentation within 10 days, failed to do so. Specification 3 alleges that respondent, after obtaining an extension to comply with the above order, produced documentation which was insufficient to comply with the order. Specification 4 alleges that respondent failed to reimburse petitioner for the stenographic expense of his appearance at a hearing before petitioner's representative as required by court rule (22 NYCRR 806.4 [e]). The Referee sustained this charge insofar as he found a violation of DR 1-102 (A) (5).

We find that the record fully supports the findings and conclusions of the Referee in sustaining charges I, II, III, IV, V and VII.

Specification 3 of charge I was admitted. Additionally, respondent admitted the allegations of charge I specification 1 that he held funds entrusted to him by a client to be held in escrow in a nonescrow account. Respondent's bald assertion that this did not constitute misconduct was properly rejected by the Referee. As to specification 2 of charge I, the records submitted by respondent were totally insufficient to document the maintenance of the funds involved and clearly inaccurate in that, while the ledger submitted by respondent purported to show funds maintained in escrow, respondent testified that he had spent these same funds.

As to charge II, respondent's bank statements establish that

his escrow balance fell well below that required to be maintained for his client on numerous occasions, and respondent testified that much of the money involved was spent on various items, including personal and business obligations. While respondent stated that, as to the funds identified in specification 1, he had arranged for a third party to guarantee the funds because of his fear that a lien would be placed on his accounts, the third party allegedly involved denied that any such arrangement existed and the Referee properly rejected respondent's testimony.

In deciding charge III, the Referee credited respondent's testimony that funds he advanced to himself from his client pursuant to a power of attorney variously represented disbursements pursuant to retainer, loan and gift agreements with the client, as well as a reimbursement for funds given the client by respondent. The Referee therefore found that no conversion occurred, although respondent's actions in drawing up the agreements and having his client sign them without consultation with another attorney or a disinterested witness violated DR 1-102 (A) (5), (6) and 9-102 (B). We accept the Referee's determination of respondent's credibility as to this charge, and therefore sustain the Referee's findings.

Specifications 1, 3 and 4 of charge IV were admitted and properly sustained. We also agree with the Referee's findings in sustaining specification 2 of charge IV. Charge V was established by respondent's own admission that he had not credited clients with interest accrued on escrow funds. Charge VII was established by documentary and testamentary evidence which clearly showed that respondent had made misrepresentations to petitioner under oath.

While charge VI was properly sustained, we conclude that the circumstances of specification 2 establish that respondent intentionally misled to obscure the fact that when the statement was made the escrow funds had been converted. We therefore also find a violation of DR 1-102 (A) (4) as to specification 2.

Finally, while we agree that charge VIII, failing to cooperate with petitioner, and charge IX, failure to comply with a judicial subpoena and court rules, were supported by documentary and testamentary evidence and were properly sustained as violations of DR 1-102 (A) (5), we find that the facts underlying charge VIII and specifications 1, 2 and 3 of charge IX also constitute violations of DR 1-102 (A) (6).

Respondent's misconduct is extremely serious in that it

includes conversion, commingling, failure to maintain adequate escrow records, deceiving other attorneys, failing to cooperate with and misleading petitioner, and failing to comply with a subpoena and order of this court. It is noted that respondent has previously received a letter of caution concerning unrelated inquiries for charging excessive fees on two occasions, failure to maintain adequate records, and failure to cooperate with petitioner. Respondent's conversion of client funds alone demands imposition of a stringent sanction. His actions in misleading petitioner and failing to comply with directives of this court further demonstrate his lack of fitness to practice law. We therefore conclude that the ends of justice and the interests of the legal profession and the public require respondent's disbarment.

Respondent disbarred, effective April 27, 1990. Order entered. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.