■ STEVEN A. PAGONES, Respondent, v ALTON H. MADDOX, JR., et al., Appellants.—In an action, inter alia, to recover damages for defamation, (1) the defendants Alton H. Maddox, Jr., and Alfred C. Sharpton appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered June 28, 1989, as granted those branches of the plaintiff's motion which sought a conditional order of preclusion compelling them to comply with certain demands for disclosure and compelling them to respond to demands for bills of particulars, and (2) the defendant C. Vernon Mason (a) separately appeals, as limited by his brief,

from so much of the same order as granted, without opposition, those branches of the plaintiff's motion which were for a conditional order of preclusion compelling him to comply with certain demands for disclosure and compelling him to respond to a demand for a bill of particulars, and (b) purportedly appeals from a second order of the same court, entered June 28, 1989, which also denied his motion for permission to serve an amended answer.

Ordered that the defendant Mason's appeal from the order entered June 28, 1989, which granted the plaintiff a conditional order of preclusion is dismissed, without costs or disbursements, and without prejudice to an application to the Supreme Court, Dutchess County, for leave to vacate his default in opposing the plaintiff's motion; and it is further,

Ordered that the purported appeal by the defendant Mason from the order entered June 28, 1989, which denied his motion for permission to serve an amended answer is dismissed, without costs or disbursements, for failure to serve and file a notice of appeal from that order; and it is further,

Ordered that so much of the order entered June 28, 1989, as granted the plaintiff's motion for a conditional order of preclusion with respect to the defendants Maddox and Sharpton, is modified by vacating items numbered 12 and 13 in the plaintiff's demands for bills of particulars against each of them; as so modified, the order is affirmed, without costs or disbursements, and those defendants' time to comply with the demands for bills of particulars, the Demands for Information and Notices for Discovery and the expert witness demands is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

The record reveals that the defendant Mason failed to submit papers in opposition to the plaintiff's motion for an order of preclusion and to compel disclosure. Mason's argument on appeal that the court should have considered his motion for leave to amend his answer as an objection to the demand for a bill of particulars served upon him is without merit. His appeal must be dismissed, as his remedy lies in a motion to vacate his default (see, Montalvo v Key Indus., 98 AD2d 767; cf., Glickman v Sami, 149 AD2d 458).

Turning to the merits, in December 1988 the plaintiff served on the defendants Maddox and Sharpton discovery demands under CPLR 3101 and a demand for bills of particulars concerning the particulars of their affirmative defenses. In April 1989 the plaintiff, alleging that he had not received a

response to his demands, moved for an order of preclusion with respect to the demands for bills of particulars and to compel compliance with his discovery demands. Contrary to the contention of the defendants Maddox and Sharpton, the plaintiff's earlier motion pursuant to CPLR 3211 to dismiss their affirmative defenses did not suspend their obligation to timely move to vacate or modify the plaintiff's demands for bills of particulars, as a bill of particulars is not a disclosure device (see, e.g., Forte v Perry, 108 AD2d 895; Union Natl. Bank v Russo, 64 AD2d 759; CPLR 3214 [b]). The court properly determined that they had waived objections to all but palpably improper items in the demands for bills of particulars by failing to timely move for a protective order (see, Breslauer v Dan, 150 AD2d 324; Capoccia v Brognano, 126 AD2d 323; Ritschl v Village of Highland Falls, 92 AD2d 586).

The court deleted nine items and portions of two additional items from the plaintiff's demands for bills of particulars as palpably improper. We find that the court should have deleted items numbered 12 and 13 as well, since these items concerned affirmative defenses which had been dismissed and consequently sought information on issues which were no longer relevant to the case. However, we agree with the court's determination that the remaining items were not palpably improper or unreasonably burdensome. Under the circumstances, the court did not err in refusing to vacate the whole demands (cf., Spancrete Northeast v Elite Assocs., 148 AD2d 694).

Although the plaintiff's motion pursuant to CPLR 3211 stayed the proceedings with respect to the disclosure demands under CPLR 3101 (see, CPLR 3214 [b]; Blancovitch v City of New York, 131 AD2d 418), the defendants Maddox and Sharpton failed to move for a protective order once the stay was lifted. The court therefore did not err in concluding that they had waived objections to all but palpably improper items in these demands as well (see, Spancrete Northeast v Elite Assocs., supra). The court deleted five of the eight items in the plaintiff's Demands for Information and Notices for Discovery and directed the defendants to respond to the remaining requests. We find no error in the court's decision as they failed to meet their burden of establishing that the remaining items were improper (see, Witt v Triangle Steel Prods. Corp., 103 AD2d 742). Bracken, J. P., Brown, O'Brien and Ritter, JJ., concur.