■ BARBARA AUCHAMPAUGH, as Executrix of DORIS M. PRATT, Deceased, Respondent, v MURRAY F. LEWIS, Appellant. —Weiss, J. Appeals from two orders of the Supreme Court (Rose, J.), entered February 16, 1990 and March 16, 1990 in Tompkins County, which, *inter alia,* granted plaintiff's second motion for preclusion.

Plaintiff commenced this action against defendant, who was the attorney who formerly represented decedent. The complaint alleges that defendant, who has been disbarred *(see, Matter of Lewis,* 159 AD2d 854, *appeal dismissed, lv denied* 76 NY2d 783), wrongfully used a power of attorney to convert and misappropriate sums from his elderly, infirm client *(supra,* at 856-857). Defendant's *pro se* answer asserted several affirmative defenses in response to which plaintiff served a demand for a bill of particulars. When defendant failed to comply with the demand, plaintiff moved on November 22, 1989 for an order of preclusion. Defendant opposed the motion in an affidavit alleging that the demand served was incomplete but did agree in open court to serve his bill of particulars within 20 days. He was given seven days to make a motion for a protective order if desired. Defendant's failure to comply within the 20-day period, resulted in plaintiff's second motion for a preclusion order on January 25, 1990. Defendant personally appeared on the return day of the motion, but offered neither opposition papers nor a dispute to his default. The motion was granted in an order signed February 13, 1990 and entered February 16, 1990. Thereafter, on March 8, 1990 an order memorializing Supreme Court's direction on the first motion was signed. Defendant has appealed both orders.

Defendant first contends that an oral directive from a court cannot form the basis for a preclusion order. While, indeed, orders must be reduced to a signed writing (CPLR 2219), an oral order was not the underlying basis of plaintiff's second motion for preclusion (see, CPLR 3042 [c], [e]). Rather, plaintiff relied upon defendant's open-court agreement to serve his bill of particulars and his subsequent failure to comply. In effect, defendant was actually in default on both motions. By failing to move to either vacate or modify plaintiff's demand (CPLR 3042 [a]), or submit an affidavit in opposition to the second motion, defendant essentially conceded the accuracy of the moving papers (see, CPLR 2214 [c]). Within this context we find no error in Supreme Court's exercise of its discretion precluding defendant with regard to the introduction of evidence on his affirmative defenses (see, *Half Hollow Hills Cent. School Dist. v Costello,* 100 AD2d 505).

Defendant next contends that Supreme Court erred in entertaining the second motion in the absence of a written order on the first motion because it limited his right to appeal the disposition of that first motion. The fallacy of this argument is readily apparent since defendant has taken an appeal from both orders. Moreover, the issues raised by defendant concerning the original motion have been rendered academic by our affirmance of the order entered February 16, 1990.

Order entered February 16, 1990 affirmed, without costs.

Appeal from order entered March 16, 1990 dismissed, as academic, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.