■ MARIE WOODS, as Administratrix of the Estate of PENOLA WOODS, Deceased, Appellant-Respondent, v CITY OF NEW YORK et al., Defendants, and EMERGENCY MEDICAL SERVICE et al., Respondents-Appellants. [707 NYS2d 628] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered April 2, 1999, which, insofar as appealed from, granted a motion to set aside the verdict to the extent of directing a new trial unless plaintiff stipulated to a reduction of damages from $504,000 to $300,000, unanimously affirmed, without costs.

The jury found that conduct by Emergency Medical Service personnel in providing care to plaintiff's decedent, who was having an asthma attack, directly contributed to her death. Specifically, the jury found that the failure to suction the endo-

tracheal tube placed in her airway together with the delay in contacting medical control for direction and in transporting decedent to the hospital were substantial factors in causing her death.

Based upon the facts, Supreme Court was correct in not charging comparative negligence. Defendants' assertion that decedent delayed seeking medical treatment is speculative (*Monica W. v Milevoi*, 252 AD2d 260, 263; *Silvestri v Smallberg*, 224 AD2d 172, *affd* 88 NY2d 1004; *see also, Anastasio v Scheer*, 239 AD2d 823, 824). It was therefore appropriate for the trial court to decline to instruct the jury with respect to the affirmative defense (*see, Auchampaugh v Lewis*, 173 AD2d 1059, 1060).

As to the cross appeal, we agree that the jury's award of $504,000 "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]) and is excessive to the extent indicated by Supreme Court (*see, Merrill v Albany Med. Ctr. Hosp.*, 126 AD2d 66, *appeal dismissed* 71 NY2d 990). Concur— Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.