Same memorandum as in *Sierk v Frazon* (32 AD3d 1153 [2006]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Pine, JJ.

■ STEVEN SIERK, Respondent, v PETER F. FRAZON, JR., et al., Appellants. (Appeal No. 2.) [821 NYS2d 689]—

Appeals from an amended order of the Supreme Court, Erie

County (Joseph G. Makowski, J.), entered March 1, 2005 in a personal injury action. The amended order, among other things, granted plaintiff's motion seeking leave to amend the complaint to assert additional causes of action and to strike certain affirmative defenses.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion seeking leave to amend the complaint and by denying that part of the cross motion of defendants Peter F. Frazon, Jr. and Sherri A. Beras seeking further discovery and as modified the amended order is affirmed without costs.

Memorandum: Plaintiff, a peace officer for the Buffalo Municipal Housing Authority, commenced this action seeking damages for injuries that he sustained in a motor vehicle accident. Plaintiff was in his police vehicle following a suspect when a vehicle owned by defendant Sherri A. Beras and driven by defendant Peter F. Frazon, Jr. drove toward plaintiff's vehicle in an intersection, causing plaintiff to swerve in order to avoid a collision with that vehicle. Plaintiff's vehicle then slid across the intersection on loose dirt, rocks and debris from an on-going construction project, striking a construction excavator owned by defendant M.P.J. Contracting, Inc., the general contractor, before striking a telephone pole.

Plaintiff moved for leave to amend the complaint pursuant to CPLR 3025 (b) to assert causes of action under General Municipal Law § 205-e. That motion also sought to strike the affirmative defenses alleging ordinary negligence on the part of plaintiff on the ground that he was acting in his capacity as a police officer at the time of the accident and therefore the appropriate standard is whether he acted with reckless disregard for the safety of others pursuant to Vehicle and Traffic Law § 1104 (e). In appeal No. 2, defendants appeal from an amended order that, inter alia, granted plaintiff's motion.

We agree with defendants that Supreme Court abused its discretion in granting that part of plaintiff's motion seeking leave to amend the complaint to assert causes of action under General Municipal Law § 205-e because those proposed causes of action are patently without merit (*see generally Gelmac Quality Feeds, Inc. v Ronning*, 23 AD3d 1019 [2005]; *MS Partnership v Wal-Mart Stores*, 2 AD3d 1482, 1485 [2003]). General Municipal Law § 205-e (1) applies to "any officer, member, agent or employee of any police department injured . . . while in the discharge or performance at any time or place of any duty imposed by the police commissioner, police chief or other superior officer

of the police department," and the record establishes that plaintiff was a peace officer employed by the Buffalo Municipal Housing Authority rather than a police officer employed by the police department (*see generally People v Williams*, 4 NY3d 535 [2005]). We therefore modify the amended order in appeal No. 2 by denying that part of plaintiff's motion seeking leave to amend the complaint and by denying that part of the cross motion of Frazon and Beras seeking further discovery if plaintiff was granted leave to amend the complaint.

We further conclude, however, that the court properly granted that part of plaintiff's motion seeking to strike the affirmative defenses alleging ordinary negligence with respect to plaintiff's conduct as the driver of an authorized emergency vehicle. That conduct is measured by the reckless disregard standard set forth in Vehicle and Traffic Law § 1104 (e) (*see Palmer v City of Syracuse*, 13 AD3d 1229, 1230 [2004]; *Hughes v Chiera*, 4 AD3d 872, 873 [2004]). Authorized emergency vehicles include police vehicles (*see* Vehicle and Traffic Law § 101), which in turn are defined as those vehicles "owned by . . . a public authority . . . and operated by the . . . law enforcement agency of such governmental unit" (§ 132-a). Here the vehicle driven by plaintiff comes within the definition of Vehicle and Traffic Law § 132-a, and plaintiff was "engaged in . . . pursuing a [ ] . . . suspected violator of the law" at the time of the accident (§ 114-b). The court thus properly determined that the reckless disregard for the safety of others standard set forth in Vehicle and Traffic Law § 1104, rather than ordinary negligence, applies to plaintiff.

In appeal No. 3, plaintiff appeals from an order that, inter alia, granted the respective motions, cross motion and oral application of defendants for summary judgment dismissing the amended complaint against them. We agree with plaintiff that the court erred in granting those parts of the motions, cross motion and oral application seeking summary judgment dismissing the negligence cause of action based upon the "firefighter's rule." With the exception of actions against fellow officers or municipalities, which are not relevant here, "General Obligations Law § 11-106 abrogated the 'firefighter's rule,' which had preluded firefighters and police officers from commencing negligence actions" (*Gerbino v Tinseltown USA*, 13 AD3d 1068, 1071 [2004]). We reject the contention of defendants that plaintiff, a peace officer, is barred from recovering because General Obligations Law § 11-106 by its express terms applies only to firefighters and police officers. Rather, we conclude that the Legislature's intent was to eliminate the firefighter's rule, with

the exceptions noted above, and we thus cannot agree with defendants that peace officers do not fall within the ambit of General Obligations Law § 11-106 (*see generally Giuffrida v Citibank Corp.*, 100 NY2d 72, 78-79 [2003]). We therefore modify the order in appeal No. 3 by denying those parts of the respective motion, cross motion and oral application of all defendants with respect to the negligence cause of action with the exception of defendant BAC Killiam, Inc. (BAC Killiam), the consulting engineering firm on the construction project.

With respect to the negligence cause of action against BAC Killiam, we conclude that BAC Killiam established its entitlement to judgment as a matter of law by establishing that, as the consulting engineering firm on the construction project, it had no duty or ability to remedy any defective or dangerous conditions that might arise during the project and did not otherwise assume a duty of care to plaintiff, who was not a party to the contract between BAC Killiam and the City of Buffalo (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *see generally Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-140 [2002]; *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226-227 [1990]).

Any contentions concerning the order dated March 14, 2005 are not properly before this Court because no appeal was taken therefrom (*see* CPLR 5515; *Pagones v Maddox*, 172 AD2d 809 [1991]).

We have considered the remaining contentions of the parties and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Pine, JJ.