OPINION OF THE COURT
Ferris D. Lebous, J.
Plaintiff Marc A. Ayers commenced this action seeking monetary damages for personal injuries suffered in an automobile accident. By way of this motion, plaintiff moves for an order: (1) declaring his conduct was not in reckless disregard for the safety of others, (2) dismissing defendants’ first affirmative defense (ordinary negligence), and (3) dismissing defendants’ fourth affirmative defense (seat belt defense). Defendants James E. O’Brien and Karin A. O’Brien oppose the motion in its entirety.
A bifurcated liability trial was originally scheduled for March 3 and 4, 2008 but adjourned upon the joint request of counsel.[1]
Background
Plaintiff Marc A. Ayers is employed as a deputy sheriff with Broome County in the Office of the Sheriff. On July 31, 2005 at *451 7:52 p.m., plaintiff was on duty and traveling in his patrol car on Route 12 northbound in the Town of Chenango en route to a nonemergency call. Defendant Karin A. O’Brien was also traveling northbound on Route 12 several vehicles behind plaintiff.[2]
Plaintiff observed a vehicle in the opposite southbound direction traveling at approximately 70 miles per hour in a 45 miles-per-hour zone. Plaintiff activated the emergency lights of his vehicle and pulled his vehicle over onto the right shoulder of the northbound lane of the roadway. Plaintiff testified in his deposition that he looked in his side view mirror and assumed defendant was stopping her vehicle because he saw the “nose of her vehicle going down like that, you know, hitting the brakes” (plaintiffs exhibit C at 26). Plaintiff pulled out onto the roadway to initiate a U-turn. However, defendant did not stop her vehicle and the two vehicles collided.
Plaintiff commenced this action by the filing of a summons and complaint on May 11, 2006 alleging defendant’s negligence caused this accident. Defendant served a verified answer containing four affirmative defenses including comparative negligence, CPLR 4545, lack of a serious injury, and the seat belt defense.
The court heard oral argument from counsel during motion term held on January 18, 2008.
Discussion
As noted above, plaintiff seeks an order: (1) declaring his conduct was not in reckless disregard for the safety of others, (2) dismissing defendant’s first affirmative defense of ordinary negligence, and (3) dismissing defendant’s fourth affirmative defense asserting the seat belt defense. During oral argument, defense counsel conceded that plaintiff was wearing his seat belt and voluntarily withdrew the fourth affirmative defense. Thus, this court need only address the two remaining issues, namely, whether plaintiffs conduct amounts to reckless disregard and whether dismissal of the first affirmative defense alleging ordinary negligence is proper.
I. First Affirmative Defense (Ordinary Negligence)
The court’s analysis will begin with a review of Vehicle and Traffic Law § 1104. It is well settled that Vehicle and Traffic Law § 1104 (a) grants a qualified privilege to drivers of “authorized emergency vehicles” under certain circumstances to disre *452 gard the ordinary rules of prudent and responsible driving. The Court of Appeals has explained the public policy underlying the enactment of Vehicle and Traffic Law § 1104 as:
“a recognition that the duties of police officers and other emergency personnel often bring them into conflict with the rules and laws that are intended to regulate citizens’ daily conduct and that, consequently, they should be afforded a qualified privilege to disregard those laws where necessary to carry out their important responsibilities” (Saarinen v Kerr, 84 NY2d 494, 502 [1994]).
Vehicle and Traffic Law § 1104 (e), however, sets forth an exception to this general privilege by stating that a driver of an authorized emergency vehicle is not relieved from the “duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others” (emphasis added). In other words, the driver of an authorized emergency vehicle is given a free pass, so to speak, for damages resulting from his negligence, but remains potentially liable for damages resulting from any conduct that rises to the level of reckless disregard.
The fundamental issue presented on this motion is whether these principles of Vehicle and Traffic Law § 1104 may be used by an officer who is a plaintiff in litigation to avoid the imposition of comparative negligence under the standard of ordinary negligence. Here, plaintiff argues that he was operating an authorized emergency vehicle pursuant to Vehicle and Traffic Law § 1104 so that his comparative negligence, if any, must be viewed under the recklessness standard and not the ordinary negligence standard. Practically speaking, if the court accepts plaintiffs argument and dismisses defendant’s first affirmative defense as to ordinary negligence, then plaintiff could not be found to be comparatively negligent at trial under even the higher standard of reckless disregard in light of the court’s bench decision that plaintiffs conduct did not rise to the level of reckless disregard as a matter of law.[3]
Defendant argues that Vehicle and Traffic Law § 1104 was never intended to be used by the operator of an authorized emergency vehicle who commences litigation to avoid comparative negligence, but rather only to protect emergency personnel who find themselves named as defendants. Defendant further *453 asserts that allowing Vehicle and Traffic Law § 1104 to be used in the manner asserted by plaintiff would result in this plaintiff officer creating a financial windfall for himself by avoiding any comparative negligence.
The court will begin with defendant’s opposing arguments which rely heavily on the language used by the Court of Appeals in Saarinen. Defendant emphasizes that the Court of Appeals described Vehicle and Traffic Law § 1104 (e) in terms of a privilege that protects an officer from civil liability for injuries caused to others by “precluding] the imposition of liability for otherwise privileged conduct” (Saarinen, 84 NY2d at 497 [emphasis added]). Defendant also highlights the following passages from Saarinen-. “[t]his statute establishes the standard for determining an officer’s civil liability for damages resulting from the privileged operation of an emergency vehicle”; “[w]e hold that a police officer’s conduct in pursuing a suspected lawbreaker may not form the basis of civil liability to an injured bystander”-, and “[t]he possibility of incurring civil liability for what amounts to a mere failure of judgment could deter emergency personnel from acting decisively and taking calculated risks in order to save life or property or to apprehend miscreants” (id. at 500-502 [emphases added]). Defendant posits that the plain language of Saarinen reveals that Vehicle and Traffic Law § 1104 was meant only to protect a defendant officer from being found liable, but does not extend those rights to a plaintiff officer.
Turning to plaintiff’s arguments in support of his motion, plaintiff asserts that the Fourth Department case of Sierk v Frazon (32 AD3d 1153 [2006]) is controlling. It appears that Sierk is the only reported case addressing Vehicle and Traffic Law § 1104 in the context of an officer as plaintiff rather than as a defendant. In Sierk, the plaintiff was a peace officer for a municipal housing authority involved in a car accident who filed suit for his resulting personal injuries. Defendant pleaded various affirmative defenses including ordinary negligence. Plaintiff moved, as here, to dismiss the affirmative defense alleging ordinary negligence. The Fourth Department found the trial court properly granted plaintiffs motion to strike the ordinary negligence affirmative defense stating that “the reckless disregard for the safety of others standard set forth in Vehicle and Traffic Law § 1104, rather than ordinary negligence, applies to plaintiff’ (Sierk, 32 AD3d at 1155). Defendant argues that the Sierk case from the Fourth Department is not controlling, is *454 stated in conclusory fashion, and, in any event, is contrary to the principles stated in Saarinen and Vehicle and Traffic Law § 1104.
The court finds that the applicability of Vehicle and Traffic Law § 1104 is not contingent on this officer’s status as plaintiff or defendant. Vehicle and Traffic Law § 1104 itself makes no such distinction. Moreover, the court does not find the language in Saarinen, although compelling, to be dispositive since the issue as presented here and in Sierk was simply not before the court in that case. Furthermore, the court finds that the holding of the Fourth Department in Sierk is binding here under the doctrine of stare decisis, unless and until either the Court of Appeals or the Third Department (the governing appellate department here) order to the contrary (Mountain View Coach Lines v Storms, 102 AD2d 663, 664 [1984]). Granted the Fourth Department’s decision did not set forth an in-depth analysis on this issue, but a review of the underlying appellate briefs reveals that the issue was fully briefed for the court. Nevertheless, what the Fourth Department did not expressly state, but is implicit in the holding, is that if this court were to accept defendant’s arguments, then this plaintiff officer’s conduct would be examined under the same principles as if a nonofficer had attempted the same U-turn. This simply cannot be the case. In other words, this court finds that the focus must be on plaintiff’s status at the time of the accident (e.g., as a driver of an authorized emergency vehicle), rather than on his status at the time of litigation (e.g., as a plaintiff or defendant).
Consequently, this court finds that, for purposes of Vehicle and Traffic Law § 1104, it is immaterial whether the officer is a plaintiff or defendant and, as such, his conduct must be adjudicated under the reckless disregard standard. Accordingly, plaintiffs motion to dismiss defendant’s first affirmative defense of ordinary negligence must be granted.
II. Reckless Disregard
The court will restate here its bench decision rendered during oral argument finding that plaintiffs conduct did not rise to the level of reckless disregard as a matter of law. Under Saarinen, the court’s inquiry involves a two step inquiry: (1) whether or not the emergency doctrine is applicable, and (2) whether the officer’s conduct itself constituted reckless disregard (Saarinen, 84 NY2d 494 [1994]).
As previously noted, Vehicle and Traffic Law § 1104 (a) grants a qualified privilege to drivers of “authorized emergency *455 vehicles” to disregard the ordinary rules of prudent and responsible driving. There is no doubt that an officer in a patrol car responding to a speeding vehicle will be deemed to be engaged in an emergency operation (Vehicle and Traffic Law § 114-b). Defendant, however, argues that there is no proof that plaintiff ever really saw a vehicle speeding in the opposite direction on Route 12, but only the officer’s self-serving testimony (defendants’ mem of law n 1). In this court’s view, plaintiffs uncontradicted deposition testimony that he saw a speeding vehicle traveling in the opposite direction is sufficient to find that plaintiff was actually engaged in an emergency operation as that term is used in Vehicle and Traffic Law § 1104.
The next inquiry is whether the officer’s conduct itself constituted reckless disregard (Vehicle and Traffic Law § 1104 [e]). The Court of Appeals has defined reckless disregard as requiring evidence that “ ‘the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow’ and has done so with conscious indifference to the outcome” (Saarinen, 84 NY2d at 501 [citation omitted]). Stated another way, the court explained that a finding of reckless disregard requires more than “a momentary judgment lapse” (
Plaintiff argues that his assumption that defendant’s car was slowing down is, at worst, a momentary lapse in judgment, but does not rise to the standard of reckless disregard as enunciated in Saarinen.
Defendant argues that there is a question of fact as to whether plaintiffs conduct amounts to reckless disregard based upon plaintiffs own description of his actions including that plaintiff was aware that he was pulling out in front of oncoming traffic across lanes of travel, assumed that defendant’s vehicle was going to stop, did not activate his turn signal, and was looking away at the moment of impact (plaintiffs exhibit C at 26, 28, 31).
As noted on the record during oral argument, this court finds that plaintiffs conduct did not rise to the level of reckless disregard as a matter of law. First, plaintiffs decision to change course and pursue a speeding vehicle falls within the statutory privilege (Saarinen, 84 NY2d 494 [1994]). Defendant’s complaint that plaintiff failed to use his turn signal is unavailing. Plaintiff explained that the activation of his emergency lights overrode the use of turn signals (plaintiffs exhibit C at 28). Plaintiff also *456 explained that he had glanced away as he began his turn in order to track the violator and traffic in the opposite lane of travel (plaintiffs exhibit C at 31-32).
Defendant’s true focus, however, is on plaintiff’s assumption — mistaken assumption as fate would have it — that defendant was stopping her vehicle in response to his emergency lights. In this court’s view, plaintiff had every right to assume that defendant was going to yield the right-of-way to an emergency vehicle with lights activated (Vehicle and Traffic Law § 1144). In any event, even if plaintiffs assumption that defendant was going to stop her vehicle amounted to negligence, this “momentary judgment lapse” does not rise to the level of recklessness (Szczerbiak v Pilot, 90 NY2d 553, 557 [1997]). In view of the foregoing, this court finds that plaintiffs conduct did not rise to the level of reckless disregard as a matter of law.
The court is mindful that the practical consequence of this decision results in defendant here being deprived of her ability to have plaintiffs conduct assessed with respect to comparative negligence, under either the ordinary negligence or reckless disregard standards. While this court has some reservations about the fairness of the result, when, as in this case, an officer is a plaintiff, the court finds that this result is necessitated to ensure that operators of authorized emergency vehicles may exercise their duties in an unfettered manner.
Conclusion
In view of the foregoing, the court finds that plaintiffs motion must be granted in part and denied in part as follows: 1. Plaintiffs motion seeking a declaration that his conduct was not in reckless disregard of the safety of others as a matter of law is granted; 2. Plaintiffs motion seeking to dismiss defendant’s first affirmative defense (ordinary negligence) is granted; 3. Plaintiffs motion seeking to dismiss defendant’s fourth affirmative defense is denied as moot in light of defendant’s withdrawal of their fourth affirmative defense.

. Counsel represented to the court that there would be an appeal of this decision and order by whichever party were negatively effected by the outcome and, as such, counsel did not believe it sensible to proceed to trial while an appeal was pending.

. The court will use the term “defendant” to refer to Karin A. O’Brien.

. The court will restate hereinhelow its bench decision that plaintiffs conduct did not rise to the level of reckless disregard.